In the Matter of IRA JAY SANDS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 15, 1982

APPEARANCES OF COUNSEL

*Kim D. Ringler* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*John G. Bonomi* for respondent.

OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice in the Second Department on November 1, 1944, under the name Ira Schlusselberg. On December 9, 1981 he entered a plea of guilty in United States District Court for the Southern District of New York to the charge of unlawfully and knowingly using the mails for the purpose of devising a scheme and artifice to defraud and obtain money by means of false and fraudulent pretenses, representations and promises, in violation of sections 1343 and 2 and sections

1341 and 2 of title 18 of the United States Code. Respondent was sentenced to four concurrent terms of 30 months each, plus four fines of $1,000 each. This criminal offense constituted a "serious crime" under the terms of section 90 (subd 4, par d) of the Judiciary Law. As such, respondent became automatically suspended from the practice of law, pending final order, upon receipt by the Appellate Division of the record of such conviction (Judiciary Law, § 90, subd 4, par f).

A certified record of respondent's Federal conviction and sentence was received by this court on December 28, 1981, annexed to the disciplinary committee's petition for final order of respondent's censure, suspension or removal from office (Judiciary Law, § 90, subd 4, par g). In response, respondent tendered his resignation in accordance with section 603.11 of the rules of this court (22 NYCRR 603.11). In his affidavit of resignation respondent waived his right to a mitigation hearing and acknowledged that his resignation would be made public and would preclude application for readmission for at least the next seven years, as is the case with disbarment. He also acknowledged that he would be unable to defend himself successfully on the merits against the charges of his commission of a serious crime.

Petitioner advises that there are other disciplinary proceedings currently pending against respondent concerning alleged illegal and unethical professional misconduct and conduct prejudicial to the administration of justice as an attorney. These matters, wholly unrelated to respondent's Federal conviction, involved respondent's dealings with clients. A hearing was recently held on these matters, and the panel concluded, in a decision dated January 7, 1982, that those of the charges that were sustained warranted a recommendation of disbarment. The charges that were sustained included, first, an allegation that respondent, in representing a client plaintiff in a Federal action, failed to file an amended complaint after an initial complaint had been dismissed without prejudice for lack of particularity, this failure resulting in ultimate dismissal of the case with prejudice. To compound this oversight, respondent was alleged to have falsely represented to his client that the

lawsuit was still in progress. The second charge involved submission of an allegedly false document in court, namely, introduction in evidence of a purportedly conformed copy of a Crime Victims Compensation Board document in a *pro se* action against a former client for legal fees, when in fact that document did not conform to its original. Other charges were withdrawn or deemed not proven.

Subdivision (a) of section 603.11 of the rules of this court requires that an offer of resignation must indicate that in addition to being rendered freely and voluntarily without subject to coercion or duress, the attorney must acknowledge the pendency of "an investigation or disciplinary proceeding into allegations that he has been guilty of misconduct, the nature of which shall be specifically set forth", and an acknowledgment that he would be unable to defend himself on the merits against charges predicated upon that misconduct. While there are cases which hold that resignation is tantamount to an admission of charges pending,[1] it must be emphasized that the petition now before us does not relate to these pending disciplinary charges, but rather only to the unrelated matter of respondent's conviction of a serious crime. Thus, there is some question as to whether a tender of resignation at this point, based only upon the conviction for a serious crime, would resolve the disciplinary matters on which the hearing panel has recently found respondent guilty.[2]

Respondent's affidavit of resignation is dated January 6, 1982, which predates by just one day the decision of the hearing panel recommending respondent's disbarment. On January 27 another hearing panel recommended against acceptance of respondent's resignation because it failed to refer to the disciplinary proceedings then pending against him and failed to give his prediction as to ability to defend on the merits against those charges. Under such circumstances, with respondent well aware of the pendency of such other disciplinary charges against him, we cannot

---

**1.** *Matter of Gunderson,* 75 AD2d 934; *Matter of Gibson,* 53 AD2d 199.

**2.** See the discussion in support of the resignation rule, contained in the study of the Committee on Disciplinary Enforcement (Eighteenth Ann Report of NY Judicial Conference, 1973, p 275).

accept the proffered resignation in its present form (*Matter of Gritz,* 82 AD2d 814).[3]

Accordingly, petitioner's motion is granted to the extent that this court unanimously orders and directs as follows:

(1) The Federal crime of which respondent was convicted is a "serious crime" within the meaning of section 90 (subd 4, par d) of the Judiciary Law.

(2) Respondent was suspended from the practice of law upon the filing of the record of that conviction in this court on December 28, 1981, pursuant to section 90 (subd 4, par f) of the Judiciary Law.

(3) Respondent should show cause, pursuant to section 90 (subd 4, par g) of the Judiciary Law, why a final order of suspension, censure or removal from office should not be made.

(4) Respondent's proffered resignation should be rejected, without prejudice to a resignation that fully complies with subdivision (a) of section 603.11 of the rules of this court.

SANDLER, J. P., SULLIVAN, ROSS, LUPIANO and FEIN, JJ., concur.

Motion granted to the extent of finding that respondent was convicted of a "serious crime"; that upon the filing here of the record of such conviction respondent was suspended from the practice of law; that respondent is ordered to show cause why a final order of suspension, censure or removal should not be made; and respondent's proffered resignation is rejected without prejudice to a resignation which complies with subdivision (a) of section 603.11 of the rules of this court, all as indicated in this court's order.

---

**3.** Note that the Second Department rule applied in *Gritz* (22 NYCRR 691.9) requires an acknowledgment of any pending investigation into allegations of misconduct. Our rule differs only in that it is more explicit, requiring an acknowledgment of the pendency of any "investigation *or disciplinary proceeding*" concerning allegations of misconduct (22 NYCRR 603.11 [a] [2]; emphasis added).