In the Matter of IRA JAY SANDS (Admitted as IRA SCHLUS-SELBERG), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 7, 1982

**APPEARANCES OF COUNSEL**

*Kim D. Ringler* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*John G. Bonomi* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The 59-year-old respondent was admitted to practice in the Second Department on November 1, 1944, under the

name Ira Schlusselberg. In December, 1981 he was convicted on plea of guilty in United States District Court for the Southern District of New York of four counts of mail fraud, for which he was sentenced to fines totaling $4,000 and concurrent prison terms of 30 months. Respondent is now confined at the level 1 (minimum security) Federal prison camp at Eglin Air Force Base, Florida. These being "serious crimes" under the terms of the Judiciary Law (§ 90, subd 4, par d), respondent was automatically suspended from practice of law pending disciplinary proceedings. The Disciplinary Committee then petitioned this court for appropriate final disciplinary measures. Instead of answering the petition, respondent tendered his resignation from the Bar in an affidavit in which he acknowledged, *inter alia,* that he "could not successfully defend [him]self on the merits against the charges" of his commission of serious crimes. He further acknowledged that his resignation was voluntary, that it would be made public, and that he would not be permitted to apply for readmission for seven years. The affidavit, prepared with advice of counsel, was signed in New York on January 6, 1982.

When this court was advised that other disciplinary proceedings unrelated to the Federal conviction were also pending against respondent concerning alleged illegal and unethical professional misconduct, we rejected the proffered resignation without prejudice to a resignation that would fully comply with subdivision (a) of section 603.11 of the rules of this court (22 NYCRR 603.11[a]), i.e., one which would acknowledge all disciplinary charges then pending against him (86 AD2d 96). Respondent thereupon submitted a second affidavit of resignation, dated May 11, 1982, this one executed in Florida but also prepared upon advice of his New York counsel. This second affidavit once again acknowledged that it was freely and voluntarily rendered, and that respondent "could not successfully defend [him]self on the merits" against his commission of the "serious crime" of mail fraud as well as the separate misconduct charges pending against him. Respondent then went on to enumerate verbatim those misconduct charges from our opinion *Per Curiam* of April 15, 1982. That

enumeration failed to include additional charges, added in January, of misrepresentation to the Departmental Disciplinary Committee during the hearings. Specifically, those additional charges alleged that in an attempt to shift the blame for defaulting in a legal matter by neglecting to file an amended complaint after dismissal without prejudice, respondent submitted to the hearing panel copies of letters he had assertedly sent to his client purporting to apprise her of the continuing status of the case. The hearing panel determined that these letters were fabricated by respondent after the client had filed her complaint with the Departmental Disciplinary Committee.

In an effort to give respondent the fullest opportunity to comply with the rules of this court, we rejected the second proffered resignation in an unpublished opinion *Per Curiam* on June 28, 1982, permitting respondent one more opportunity to comply fully with subdivision (a) of section 603.11 by submitting a resignation that would refer to "each and every one of the charges now pending against him." Should a proper resignation not be received by this court within 30 days of entry of that order, we would re-entertain the Departmental Disciplinary Committee's petition for disbarment.

A copy of our order with notice of entry was hand delivered to respondent's attorney on July 1, 1982. On July 16 respondent's counsel wrote to this court, stating that respondent had advised him by telephone that he wished to discharge his attorney and now proceed *pro se* in opposition to the petition rather than submit another affidavit of resignation. Respondent confirmed this in his own letter to the court, dated July 21, explaining that the reason for reluctantly discharging his attorney was that he no longer had sufficient funds to pay legal fees. Respondent asked for an additional 60 days to submit papers responsive to the petition. The Departmental Disciplinary Committee has opposed this request, and on August 6 formally requested this court to re-entertain the petition for respondent's disbarment.

It cannot be gainsaid that this court has treated respondent with patience and indulgence until this point. It now

appears that respondent is taking advantage of the court. In both of his proffered resignation affidavits respondent admitted inability to defend himself on the merits against the charges upon which the petition for disciplinary action is grounded. Those affidavits were prepared and executed upon advice of counsel. That counsel was discharged not by reason of asserted incompetence, but rather for respondent's asserted inability to meet continuing legal costs.

The two extensions of time, granted by this court in our orders of April 15 and June 28, were not for the purpose of submitting an answer, but rather were solely to grant an opportunity to submit a proper resignation that would comply with section 603.11 of the rules of this court. Respondent's latest request does not seek additional time for that purpose, but rather purports to change strategy and join issue at this late date. But the time to answer the petition has long since passed.

The time within which to submit a proper affidavit of resignation having elapsed, the petition for disbarment is hereby granted, and it is ordered that respondent's name be stricken from the roll of attorneys authorized to practice in this State.

Counsel for petitioner Departmental Disciplinary Committee has, upon "information and belief", expressed concern that respondent may have violated the terms of his suspension from practice by transferring case files, without the consent of the clients, to another attorney who is now seeking additional fees. Whether or not there has been such a violation of terms, such as might warrant the appointment of a conservator to protect the interests of clients, has not been fully documented by petitioner. Accordingly, such relief is denied, without prejudice to a proper application by petitioner, upon notice to respondent *pro se,* in accordance with subdivision (g) of section 603.13 of the rules of this court (22 NYCRR 603.13 [g]).

SANDLER, J. P., SULLIVAN, ROSS, LUPIANO and FEIN, JJ., concur.

Respondent disbarred from practice as an attorney and counselor at law of the State of New York, effective No-

vember 8, 1982 and petitioner's request for the appointment of a conservator denied as indicated in the order of this court.