32

[633 NYS2d 955]

In the Matter of STEVEN P. RAPOPORT (Admitted as STEVEN PHILIP KATZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 14, 1995

## APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Steven P. Rapoport,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Steven P. Rapoport was admitted to the practice of law in the State of New York by the Second Judicial Department on September 12, 1979, under the name Steven Philip Katz. At all times pertinent to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent seeks an order pursuant to Rules of this Court (22 NYCRR) § 603.11 permitting him to resign as a member of the Bar of the State of New York. Respondent states that his resignation is freely and voluntarily rendered, that he is not subject to coercion or duress and that he is fully aware of the implications of submitting his resignation.

Respondent also acknowledges that charges alleging misconduct by him are presently pending before a Hearing Panel with regard to two matters and acknowledges that he cannot successfully defend against the charge that he transferred $250,000 of funds which were held in trust for an elderly client, Francis Allen, to his personal accounts for his own use. Respondent advises that the client has now been reimbursed and has given respondent a general release.

The complaint makes clear that the Allen matter also involves a charge that, independent of the conversion of $250,000, respondent converted $170,000 in trust funds to his own use, that he misrepresented to a court during a contempt proceeding that funds belonging to the client were being maintained when they had been loaned to another client, and that he failed to account for the client's funds.

Also pending before the Committee is a complaint alleging that a former client of respondent's, Palace Realty, had requested respondent's firm to hold $50,000 in escrow which Palace was required to maintain in the context of litigation arising from a rent strike. Palace alleged that respondent deducted $29,300.55 from the escrow funds, claiming that it was for fees owed to the firm by one of Palace's shareholders for work performed on an unrelated matter. According to Palace, when it demanded that the funds be replaced, respondent refused, and, although respondent's former partner has since reimbursed Palace for half of the missing funds, respondent has failed to repay the other half to Palace.

The Committee also received a third complaint against respondent from Mavis Whyte which alleged that respondent converted funds to his own use through a private business interest which he owned, SPR Mortgage Servicing, Inc.

Although all of the above-described charges are pending against respondent, the only one as to which he has acknowledged he has no defense is the conversion of $250,000 in trust funds. While this charge alone is of a most serious nature, in light of the other pending charges respondent should not be permitted to resign by admitting solely to this charge while failing to address all of the charges pending against him. Thus, respondent's motion to be permitted to resign should be denied.

In light of respondent's admission to conversion to his own use of $250,000 held in trust for an elderly client, which constitutes egregious conduct, his continued practice of law constitutes an immediate threat to the public interest *(Matter of Padilla,* 67 NY2d 440, 448-449) and he should therefore be suspended from the practice of law forthwith pending final resolution of the charges against him (22 NYCRR 603.4 (e) (1) (ii).

For these reasons, respondent's motion for permission to resign from the practice of law should be denied and he should be *sua sponte* suspended from the practice of law pending resolution of the charges against him.

ELLERIN, J. P., RUBIN, NARDELLI, WILLIAMS and TOM, JJ., concur.

Motion to be permitted to resign denied, and respondent is *sua sponte* suspended from practice as an attorney and counselor-at-law, effective immediately, as indicated. [As amended by unpublished order entered Dec. 12, 1995.]