[651 NYS2d 523]

In the Matter of BRADLEY F. STEINBACH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 7, 1997

### APPEARANCES OF COUNSEL

*Eileen J. Shields* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the New York Bar at this Department in 1952, three years after his admission to practice

in Florida. A resident of Florida, he has never complied with New York's biennial registration requirements for attorneys.

In February 1996, respondent was permitted to resign from the Florida Bar in lieu of all sanctions except costs, in the face of two disciplinary proceedings charging his failure to render an accounting to a client upon request, commingling and misappropriation of trust funds, failure to maintain minimum trust accounting records or to follow minimum trust accounting procedures, making false certifications on dues statements, and failure to respond in writing to a Florida Bar investigative inquiry on an unrelated matter. The shortages caused by the invasions of trust funds exceeded $160,000.

These acts of misconduct constituted violations of several provisions of the Florida disciplinary rules. Nevertheless, in tendering his resignation from the Bar for a period of five years (which was made effective October 2, 1995), the 71-year-old respondent was permitted to acknowledge his "ultimate responsibility" for restitution and costs without admitting any acts of misappropriation or violation of rules of conduct, and without waiving any defenses or mitigation which he might have offered.

In light of the Florida order accepting respondent's resignation, petitioner now seeks appropriate disciplinary sanction in this State (22 NYCRR 603.3 [a]). Respondent has not answered the petition.

The acts of misconduct with which respondent was charged in Florida would have constituted violations under New York's Code of Professional Responsibility, viz., failure to maintain client accounts separate from other business or personal accounts (DR 9-102 [B] [1] [22 NYCRR 1200.46]), commingling (DR 9-102 [A]), failure to render an accounting to a client upon request (DR 9-102 [C] [3]), failure to deliver client funds promptly to the client (DR 9-102 [C] [4]), and engagement in conduct involving dishonesty, fraud, deceit or misrepresentation (DR 1-102 [A] [4] [22 NYCRR 1200.3]). However, respondent would not have been permitted to resign in New York, in the face of such grave allegations of misconduct, without acknowledging, *inter alia*, his inability to defend himself successfully on the merits against each of the specific charges (22 NYCRR 603.11; *Matter of Rapoport*, 215 AD2d 32; *see also, Matter of Sands*, 89 AD2d 61, *mot to dismiss appeal granted* 58 NY2d 823). Nevertheless, in this proceeding to impose discipline for professional misconduct in a foreign jurisdiction, respondent, by his failure to appear, has waived his only avail-

able defenses, viz., violation of due process by lack of notice in the Florida proceeding, infirmity of proof to establish the misconduct in Florida, or commission of acts subject to discipline in Florida which would not have constituted misconduct here (22 NYCRR 603.3 [c]). Even had respondent appeared here, it is unlikely that any of these defenses would have prevailed, based upon the record before us.

Where disciplinary action is based upon misconduct in a foreign jurisdiction, we normally defer to that foreign authority in determining the duration of the sanction (*see, Matter of Reiss*, 119 AD2d 1, 6). Respondent was permitted to resign in Florida with leave to seek readmission in five years. But in our view, an attorney who misappropriates funds is presumptively unfit to practice law (*Matter of Schmidt*, 145 AD2d 103), and disbarment in New York precludes any petition for reinstatement for *seven* years (22 NYCRR 603.14 [a]). Accordingly, we cannot follow the lead of the Florida court.

The petition for discipline under 22 NYCRR 603.3 is granted. Respondent is hereby disbarred, and his name stricken from the roll of attorneys authorized to practice law in New York State.

SULLIVAN, J. P., WALLACH, RUBIN, WILLIAMS and TOM, JJ., concur.

Petition granted, and respondent is disbarred from the practice of law in the State of New York, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective January 7, 1997.