In the Matter of VLASTEN A. CIHAK, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 25, 1975

*John G. Bonomi* of counsel *(Irving Gertel* with him on the brief), for petitioner.

No appearance on behalf of respondent.

*Per Curiam.* Respondent was admitted to the Bar on March 22, 1954 in the First Judicial Department. He was charged with professional misconduct in that as executor of an estate, he failed to account, failed to establish a trust or make payments according to the testatrix's will and ignored a "Citation in Compulsory Accounting" personally served upon him. This charge was sustained by the Referee.

As retained counsel for another estate, it was charged that respondent failed to appear at Surrogate's Court, New York County, pursuant to citation, and failed to render an accounting or pay the requisite estate taxes and the Referee so found.

In a third estate, in which respondent was retained as attorney for the estate, no steps were taken to effect a division and transfer of the assets of the estate and a charge of neglect was sustained.

In yet another estate in which respondent was retained counsel, no steps were taken by him to effect a final settlement or to transfer title to certain property as requested. There was also a substantial delay in forwarding the documents to another attorney who was subsequently retained to handle the transfer. The widow of the intestate in that matter also retained respondent to represent her in an action for damages for personal injuries received in an automobile accident. The case was settled in August, 1972, after her death, but respondent failed to remit to her daughter her share of the proceeds of the settlement until 1975, shortly before the hearing in this matter. The Referee found that no adequate explanation was offered for the delay in making payment.

Respondent submitted an answer in the nature of a general denial and possible justification. However, he failed to appear at the hearing before the Referee or otherwise defend himself and ignored many letters from the petitioner as well as two subpoenas duces tecum issued by the Clerk of this court.

The charges, as indicated, were properly sustained and the report of the Referee is confirmed. Respondent's conduct indicates an indifference to and neglect of his professional responsibilities. His failure to appear and defend on the charges at the hearing is, in effect, an admission of such charges. In 1973, respondent was admonished by petitioner's Committee on Grievances for having failed to file an estate tax return and otherwise wind up an estate of which he was both attorney and executor.

In light of the record and the absence of any mitigating factors respondent should be disbarred.

STEVENS, P. J., MARKEWICH, KUPFERMAN, MURPHY and LUPIANO, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law of the State of New York, effective December 29, 1975.