In the Matter of MICHAEL F. WATERS, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 30, 1978

### APPEARANCES OF COUNSEL

*James D. Porter, Jr.,* of counsel *(Irving Gertel* with him on the brief), for petitioner.

*Michael F. Waters,* respondent *pro se.*

### OPINION OF THE COURT

*Per Curiam.*

This motion, brought by petitioner Committee on Griev-

ances, seeks to confirm in part and to disaffirm in part the report of the Referee, Honorable JACOB W. ABRAHAM, which adjudged respondent guilty of professional misconduct and to impose disciplinary measures.

Respondent was admitted to the Bar on June 23, 1959 in the First Judicial Department. He was charged with (1) having neglected to effectuate a release of a $1,500 escrow fund deposited with him in the course of representation of parties to a real estate transaction which was consummated by sale of the property on October 10, 1972; (2) having falsely advised and having failed to reply to inquiries from a client who had retained respondent to obtain a charter for an elementary school; (3) having failed to take any steps in the prosecution of a petition for a change of legal name on behalf of a client and, thereafter, ignoring repeated requests for the return of personal documents; and (4) having failed to co-operate with the investigation of the Committee on Grievances.

Respondent failed to comply with a subpoena duces tecum issued during the course of the petitioner committee's preliminary investigation, failed to respond in any manner to 11 communications from the petitioner requesting statements of explanation to various complaints made against him and, although granted three adjournments, failed to attend either personally, or by counsel, the hearing conducted by the Referee on May 4, 1977.

The Referee properly sustained charges 1, 2 and 4 based on competent evidence presented to him. He made no finding as to charge 3 after ruling that the evidence offered on the charge—prior testimony of a witness who did not appear at the hearing after an unsuccessful attempt to serve the witness at his last known residence had been made—was inadmissible under CPLR 4517. The petitioner moves to disaffirm this ruling. However, it is unnecessary to pass on this point. We confirm the Referee's report in its findings sustaining charges 1, 2 and 4.

The record clearly demonstrates respondent's indifference to and neglect of his professional responsibility. His failure to appear at the hearing and defend himself against the charges is practically an admission of the truth of the charges. (Matter of Cihak, 49 AD2d 412 [1st Dept, 1975].) Indeed, this motion is unopposed. Respondent was previously admonished in November, 1973, by the Committee on Grievances for his failure to co-operate with a previous investigation of a complaint of

professional misconduct. In light of the repeated indications of neglect, respondent should be disbarred.

KUPFERMAN, J. P., LUPIANO, SILVERMAN, EVANS and MARKE-WICH, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law of the State of New York.