[612 NYS2d 138]

In the Matter of COLIN A. MOORE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 24, 1994

## APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Howard Benjamin* of counsel *(Ellis Funk Eidman Weitz & Benjamin,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Colin A. Moore was admitted to the practice of law in New York by the Second Department on February 28, 1978. At all times relevant herein respondent has maintained an office for the practice of law in either the Second Department or the First Department. By order dated June 26, 1990, the Second Department transferred the complaints arising there to this Department.

Respondent was charged with 12 violations of the Disciplinary Rules of the Lawyer's Code of Professional Responsibility in connection with his representation of eight different clients primarily in litigation matters. The charges include neglect (DR 6-101 [A] [3]); willful failure to satisfy a judgment (DR 1-102 [A] [5]); failure promptly to return unearned fees (DR 2-110 [A] [3]); and misrepresentation of the status of a legal matter to his client (DR 1-102 [A] [4]).

The Hearing Panel of the Departmental Disciplinary Committee concluded in pertinent part, as follows:

"Respondent neglected matters entrusted to him by eight clients and utterly failed to inform the clients concerning their status. For long stretches of time, he evaded phone calls and ignored other efforts to contact him. When confronted by the clients with his total lack of performance, he refused to return their retainers. In one case, he even failed to satisfy a judgment obtained by a client for the return of a fee. At the hearing, respondent exhibited no remorse for his mishandling of these matters and, indeed, was unwilling to accept personal responsibility for the conduct of most of the cases. He primarily blamed his clients or in some cases his colleagues for the many mishaps that occurred. He appeared to have almost no familiarity with the details of most of the matters and, in at least one case, he blatantly lied about what he had done. In the *Salmon* matter he misled the Panel into believing that he had presented a substantive argument to the court when in fact he had hardly said a word to the Judge. Equally disturbing was his persistent and obstructive efforts to dissuade his former clients from testifying against him.

"Overlaying our consideration of sanctions here is the fact that most of the complaining clients are unsophisticated people who could ill afford the retainers which they paid to respondent to handle their legal matters. His cynical pattern

of taking substantial retainers from these clients and then ignoring their cases should not be condoned.

"In light of the charges we have sustained, respondent's lack of candor before the Panel, his three prior admonitions and the other factors mentioned above, we recommend that the Appellate Division, First Department, suspend respondent from the practice of law for three years."

The Departmental Disciplinary Committee seeks an order confirming the Hearing Panel's report and imposing the recommended sanction. By cross motion, respondent seeks an order disaffirming the report and dismissing the charges, or in the alternative, if the charges are confirmed, issuing a sanction of public censure.

A review of the evidence presented to the Hearing Panel indicates that there is ample support for the Hearing Panel's findings that respondent has neglected eight legal matters and in doing so is guilty of 11 violations of the Code of Professional Responsibility. Respondent's arguments lack support in the record and require questions of credibility to be resolved in his favor despite testimony and objective facts to the contrary.

In the case at bar, respondent neglected eight legal matters, failed to satisfy a judgment obtained by a client seeking the return of legal fees, failed promptly to refund unearned fees to two clients, attempted to dissuade clients from testifying at the disciplinary hearing or to influence their testimony and testified falsely under oath before the Panel on material matters. In addition respondent has three prior admonitions for neglect.

Accordingly, respondent's cross motion for an order disaffirming such report and dismissing the Hearing Panel's findings or, in the alternative, the imposition of the sanction of a public censure is denied and the Committee's motion to confirm the Hearing Panel's report and recommendation is granted. The Hearing Panel's report is confirmed, and respondent is suspended from the practice of law for a period of three years and until further order of this Court. (See, Matter of Rabinowitz, 189 AD2d 402; Matter of Siegel, 193 AD2d 181.)

CARRO, J. P., ELLERIN, WALLACH, KUPFERMAN and NARDELLI, JJ., concur.

Petition granted, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective June 24, 1994, for a period of three years, and until the further order of this Court; and cross motion to disaffirm, and for other relief, is denied.