[648 NYS2d 926]

In the Matter of AUSTIN M. COLLINS (Admitted as AUSTIN MYLES COLLINS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 31, 1996

### APPEARANCES OF COUNSEL

*Erania Ebron-Fubara* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

*Jerome Karp, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Austin M. Collins was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on October 22, 1975, as Austin Myles Collins. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

On January 18, 1995, respondent was served with a Notice and Statement of Charges in which it was alleged that he had violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3), DR 6-101 (A) (3) (22 NYCRR 1200.30) and DR 9-102 (C) (4) (22 NYCRR 1200.46). The charges were thereafter amended twice, and a total of 12 charges were ultimately brought, alleging that respondent had neglected various legal matters, failed to forward a file to a client's new attorney, made misrepresentations to the Committee, and engaged in conduct that adversely reflected on his fitness to practice law and conduct prejudicial to the administration of justice. The Hearing Panel sustained all but 3 of the 12 charges.

Petitioner recommends that respondent be suspended for a period of three years, not to be reinstated until he demonstrates his general fitness to practice law. This recommendation is based on the charges sustained by the Panel as well as respondent's prior three admonitions for similar conduct. In other instances where an attorney has neglected a number of matters over a period of time, and where prior admonitions were received, a period of suspension has been imposed (see, Matter of Moore, 197 AD2d 254; Matter of Siegel, 193 AD2d 181; Matter of Rabinowitz, 189 AD2d 402, lv denied 82 NY2d 653). For the reasons stated below, however, we find that the particular circumstances of respondent's conduct warrant the sanction of disbarment.

The charges of neglect were sustained with respect to five separate matters. The neglect was of substantial duration (as many as six years in one case) and consisted of respondent's failure to diligently prosecute the client's action, a failure that persisted despite communications from the client, the opposing party and/or the court. In some instances, respondent's neglect resulted in dismissal of the client's action or loss of rights. For the most part, respondent denied that he had actually neglected any of these matters, asserting that, despite evidence to the contrary, he had taken appropriate action at the appropriate time. He blamed the alleged neglect on faulty mail delivery, claiming an ongoing problem with both incoming and outgoing mail at not one but three different offices that he had occupied over the years. He steadfastly maintained that he had mailed certain documents despite the fact that the

intended parties never received them, and he denied ever receiving papers sent to him regarding these same matters.

This explanation for years of inattention to the prosecution of his clients' cases was rejected by the Hearing Panel, which concluded that "Mr. Collins' neglect of client matters has extended over many, many years and has led to the dismissal of cases and the loss of rights. Thus, he has caused serious or potentially serious injury to clients and has engaged in a lengthy pattern of neglect. *What has been particularly troublesome to the Committee, however, have been the repeated instances in which the Panel believes that Mr. Collins was engaging in false statements, fraud or misrepresentation in order to cover-up instances of neglect. * * * [T]he Panel believes that he post-dated documents, lied about serving documents, lied about not receiving other documents and generally did whatever was necessary to mask or explain instances of neglect."* (Emphasis added.)

Such conduct before the Panel, in itself, is serious enough in addition to the actual neglect, but what is most troubling to this Court is the Panel's finding that not only did respondent fabricate his explanations but that these fabrications were offered "with the assistance" of his longtime secretary and friend.

For example, in discrediting respondent's claim that he had served or mailed certain documents, and in finding that documents had been postdated, the Panel specifically rejected his secretary's testimony that she herself had "signed and mailed the relevant documents on the dates they bore." The documents in question included affidavits of service executed by the secretary. In addition, the secretary corroborated respondent's story regarding ongoing problems with mail service. Thus, respondent not only lied before the Panel himself, creating documents for the purpose of presenting them as work previously done, but also supported that false testimony with the fabricated testimony of his secretary. It is this deceitful conduct in particular that persuades us that respondent is unfit to continue in the practice of law and that the sanction of disbarment is warranted.

In reaching this determination, we are not unmindful of the evidence offered by respondent in mitigation of the charges. During the period of time at issue, respondent's wife and older son apparently had serious medical problems, and respondent submitted medical records to document the extent of the injuries and care involved. At the same time, another child

experienced behavioral problems. Thus, there were unfortunate demands in respondent's personal life for a period of time. While these family problems explain some lapses in respondent's ability to attend to his .professional commitments, the evidence before the Hearing Panel demonstrated a pattern of irresponsibility and neglect (*see, e.g., Matter of Lopez,* 127 AD2d 408, 413). This pattern of conduct was aggravated by the false statements made to the Panel by respondent and his secretary.

Accordingly, the Hearing Panel's findings of fact are confirmed, but, because respondent has been most derelict in the performance of his professional duties, the recommended sanction is disaffirmed and respondent is disbarred and his name stricken from the roll of attorneys and counselors at law.

MILONAS, J. P., ROSENBERGER, WALLACH, ROSS and TOM, JJ., concur.

Petition granted only to the extent of confirming the findings of fact of the Hearing Panel, the recommended sanction of suspension is disaffirmed, and respondent is disbarred from practice and his name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective December 2, 1996.