[704 NYS2d 472]

In the Matter of MUJIB T. MANNAN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 16, 2000

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Mujib T. Mannan was admitted to the practice

of law in the State of New York by the Second Judicial Department on February 27, 1985, and at all times relevant to this proceeding he has maintained an office for the practice of law within the First Judicial Department.

By order entered October 7, 1997 (233 AD2d 77), we suspended respondent from the practice of law for six months on the basis of his neglect of four client matters (Code of Professional Responsibility DR 1-102 [a] [8] [now (7)]; DR 6-101 [a] [3] [22 NYCRR 1200.3, 1200.30]), with reinstatement conditioned on his repayment of unearned fees to three of those clients. Respondent has failed to file an affidavit of compliance with our order of suspension (22 NYCRR 603.13 [f]). Moreover, respondent pleaded guilty on April 5, 1999, in Supreme Court, Queens County, to one count of practicing law while under suspension, in violation of Judiciary Law § 486, which conviction he has not reported to the Departmental Disciplinary Committee (22 NYCRR 603.12 [f]).

The Committee's present motion to disbar respondent for failure to comply with the terms of our suspension order and for willfully engaging in the unauthorized practice of law has not been answered by respondent.

Accordingly, on the basis of these uncontested facts (*Matter of Anderson*, 180 AD2d 146), the motion to strike respondent's name from the roll of attorneys in this State, effective immediately, should be granted.

SULLIVAN, P. J., NARDELLI, WILLIAMS, TOM and FRIEDMAN, JJ., concur.

Motion granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.