[853 NYS2d 24]

In the Matter of VALERIE M. VELELLA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 21, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Valerie M. Velella, was admitted to the practice

of law in the State of New York by the First Judicial Department on March 24, 1986.

The Departmental Disciplinary Committee seeks an order pursuant to Judiciary Law § 90 and 22 NYCRR 603.3 disbarring respondent from the practice of law predicated upon similar discipline imposed by the Supreme Court of Florida, or in the alternative an order sanctioning respondent as this Court deems appropriate.

In October 2007, the Florida Supreme Court disbarred respondent, based upon her unauthorized practice of law while suspended and her failure to comply with certain conditions imposed by that court's May 2007 order of suspension.

By orders dated September 25 and October 23, 2006 (944 So 2d 347 [Fla 2006]), effective nunc pro tunc to October 20, 2006, the Florida Supreme Court suspended respondent until further notice, based upon her failure to comply with a subpoena issued by the Florida Bar. In December 2006, the Florida Bar filed a complaint against respondent, and after she failed to answer, a default judgment was entered and a hearing on sanction referred to a referee. Following a hearing, at which respondent did not appear, the referee found that, by accepting a $5,000 fee from a client without performing any significant work, respondent, inter alia, failed to provide competent representation, failed to communicate with her client, charged an excessive fee, and engaged in conduct prejudicial to the administration of justice, and that she failed to cooperate in the disciplinary investigation. The referee recommended an 18-month suspension, nunc pro tunc to October 20, 2006 (the date of her interim suspension), and that she make restitution to her client in the amount of $5,000. By order dated May 10, 2007 (958 So 2d 921 [Fla 20007]), the Florida Supreme Court approved the uncontested report and imposed the recommended sanctions.

In August 2007, the Florida Bar filed a petition for contempt and order to show cause, and requested respondent's disbarment, based on allegations that she was practicing law in violation of the Florida Supreme Court's suspension orders of September 25 and October 23, 2006, and May 10, 2007. The Florida Bar had received a sworn complaint from an individual asserting that respondent was continuing to practice law while suspended, which was supported by correspondence and court filings by respondent identifying herself as an "Attorney and Counselor at Law" for a party in a Florida matter. In addition, respondent had never submitted to the Florida Bar an affidavit

listing the names and addresses of all clients, opposing counsel, and tribunals whom she had provided with a copy of her suspension orders, as she was required to do within 30 days of each of her suspensions and as she had been repeatedly reminded of by the Florida Bar.

Respondent failed to respond to the Florida Bar's petition for contempt and order to show cause, and by order dated October 23, 2007 (969 So 2d 1017 [Fla 2007]), the Florida Supreme Court held respondent in contempt and disbarred her from the practice of law in Florida.

The Departmental Disciplinary Committee, which respondent failed to notify of her suspensions or disbarment as required by 22 NYCRR 603.3 (d), has now brought a petition for reciprocal discipline. The Committee has provided clear and uncontested evidence that respondent committed the misconduct for which she was disbarred in Florida, she was provided ample notice and opportunity to be heard in the Florida disciplinary proceeding, and the misconduct for which she was disciplined in Florida, namely, the unauthorized practice of law while suspended, constitutes misconduct in New York (*see Matter of Gill*, 3 AD3d 109 [2004]; *Matter of Mannan*, 265 AD2d 97 [2000]).

The state where respondent practiced law at the time of the offense has the greatest interest in the issue of sanction (*see Matter of Hatton*, 44 AD3d 49 [2007]), and the sanction imposed by Florida is consistent with this Court's precedent of disbarring attorneys who practice law while under suspension (*see Matter of Gill, supra*; *Matter of Mannan, supra*).

Accordingly, the Committee's motion should be granted to the extent that it seeks an order disbarring respondent pursuant to 22 NYCRR 603.3, and respondent disbarred from the practice of law in the State of New York, effective immediately (*see Matter of Harris*, 37 AD3d 90 [2006]; *Matter of Anschell*, 11 AD3d 56 [2004]).

TOM, J.P., SAXE, FRIEDMAN, WILLIAMS and BUCKLEY, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.