[907 NYS2d 485]

In the Matter of FRANK McCLAIN-SEWER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 7, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Frank McClain-Sewer was admitted to the practice of law in the State of New York by the Second Judicial Department on September 24, 1986. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.*

By order dated February 6, 2007 (39 AD3d 35 [2007]), this Court granted a motion of the Departmental Disciplinary Committee seeking respondent's immediate interim suspension, following his failure to respond to the Committee's inquiries regarding a complaint filed by a client. Through a letter from counsel dated August 7, 2007, respondent belatedly sought additional time to respond, and appeared before the Committee for deposition on September 26, 2007. Respondent also submitted an affirmation dated October 16, 2007, in opposition to a motion filed by the Committee for disbarment of respondent, which motion was subsequently withdrawn without prejudice.

The present petition, containing 21 charges of misconduct, was filed on February 26, 2009. The charges include failure to answer inquiries regarding the client complaint, failing to file the requisite affidavit of compliance with the suspension order, engaging in and receiving compensation for legal work while under suspension, holding himself out as a licensed attorney in violation of the order of suspension, and giving false statements and testimony before the Committee regarding his knowledge of the Court's order of suspension and his continued practice of law thereafter.

Respondent failed to appear at the hearing held before the Referee, resulting in the charges being deemed admitted pursuant to 22 NYCRR 605.12 (c) (4) (see Matter of Sheehan, 48 AD3d 163, 167 [2007]). Moreover, the Referee properly sustained all the charges and recommended disbarment based upon the evidentiary submissions provided by the Committee. Importantly,

---

* The business address respondent provided in his biennial registration documents and used on business letterhead was located at 67 Wall Street in Manhattan. Although in his September 26, 2007 deposition he asserted that the Manhattan address was merely a mail drop, and that his actual office work was done in his Brooklyn residence, his use of the Manhattan office address in official registration forms and on business letterhead subjects him to the jurisdiction of this Department's Disciplinary Committee under 22 NYCRR 603.1 (a).

as the Referee observed, although respondent claimed at his deposition that he only learned in August 2007 of the February 6, 2007 suspension, documentary proof establishes that he was made aware of the suspension on February 12, 2007, when he was notified that his application for admission to the Lewisburg prison to interview a client was denied based on his suspension. His purported belief that the suspension arose only from his failure to timely file his biennial registration form is irrelevant; the continued practice of law violates the suspension regardless of its basis, and, indeed, constitutes a misdemeanor under Judiciary Law § 486 (*see Matter of Blau*, 70 AD3d 28 [2009]). Other documentary evidence established that respondent continued to perform substantial legal work thereafter, preparing legal memoranda and documents to be filed in court on behalf of at least six clients, and being compensated for that work through other attorneys in good standing under whose names the work was submitted. He also established a Web site in which he held himself out as entitled to provide legal assistance.

After respondent failed to appear on the date to which the hearing was adjourned for submission of any material in mitigation, the Referee sustained all the charges and recommended respondent's disbarment. The Hearing Panel confirmed the Referee's findings of fact and conclusions of law, and also recommended disbarment. In view of respondent's failure to appear in opposition, as well as the evidentiary showing provided, the Committee's application must be granted.

Accordingly, the Committee's petition seeking an order confirming the findings of fact and conclusions of law of the Referee and Hearing Panel is granted, and respondent should be disbarred pursuant to 22 NYCRR 603.4 (d), and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

GONZALEZ, P.J., MAZZARELLI, ANDRIAS, SAXE and McGUIRE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.