In the Matter of Roy R. KULCSAR, 27 Union Square West, Suite 503, New York, N.Y. 10003.

No. M–2–238.

United States District Court, S.D. New York.

May 18, 2012.

---

## *ORDER OF DISBARMENT*

P. KEVIN CASTEL, District Judge.

This matter comes before the Committee on Grievances of this Court (the "Committee")[1] to consider the imposition of dis-

1. The members of the Committee are District Judge P. Kevin Castel, Chair; Chief Judge Loretta A. Preska; District Judges Vincent L. Briccetti, Katherine B. Forrest, Paul G. Gardephe, John F. Keenan, Colleen McMahon, Louis L. Stanton, and Richard J. Sullivan; and Magistrate Judge Frank Maas.

cipline on respondent Roy R. Kulcsar ("Respondent"), an attorney admitted to the bar of this Court. On December 1, 2011, Respondent tendered his resignation from the bar following an investigation into allegations of ethical misconduct in the solicitation of inmates in the Metropolitan Correctional Center in Manhattan, New York, and the Metropolitan Detention Center in Brooklyn, New York. For the reasons discussed herein, the Committee accepts Respondent's resignation, but nonetheless enters this Order of Disbarment.

## BACKGROUND

On March 24, 2011, Respondent was suspended, under S.D.N.Y. Local Civil Rule 1.5(b)(5), from practicing law before this Court for a period of two years, for engaging in conduct violative of the New York Rules of Professional Conduct and the predecessor Disciplinary Rules (collectively, the "Rules").[2] *See* Opinion and Order of March 24, 2011, 2011 WL 1202168. The conduct for which Respondent was disciplined consisted of commingling attorney funds with funds belonging to others, failing to maintain required records under the Rules, and failing to cooperate with the Committee's investigation of Respondent's conduct, in violation of Rule 1.15, former DR 9–102, and Rule 8.4, former DR 1–102. At the time the Order of Suspension was issued, Respondent had already been placed under an interim suspension, issued September 24, 2010, for failing to cooperate with the Grievance Committee's investigation, in violation of Rule 8.4, former DR 1–102.

## DISCUSSION

Since issuing the Order of Suspension, the Committee has considered evidence

that Respondent engaged in further conduct violative of the Rules and now makes the following findings:

1. Respondent engaged in improper solicitation in violation of Rule 7.2(a), former DR 2–103(D), by compensating and giving, and offering to compensate and give, things of value, to wit: money and deposits into inmates' commissary accounts, in exchange for referrals of clients. Specifically, between approximately August 22, 2006, and May 15, 2008, Respondent made at least 39 deposits, in the aggregate amount of $4,670, into the commissary account of a person who was then an inmate in the Metropolitan Correctional Center (MCC) in Manhattan, New York, in exchange for the person's agreement to refer, and actual referral of, other MCC inmates to Respondent as clients. Between approximately March 8, 2006, and April 26, 2009, Respondent made at least nine deposits, in the aggregate amount of $1,880, into the commissary account of a person who was then an inmate in the Metropolitan Detention Center (MDC) in Brooklyn, New York, in exchange for the person's agreement to refer, and actual referral of, other MCC inmates to Respondent as clients. These deposits were part of a pattern by which Respondent or his agent, during the period from at least August 2004 through at least February 2010, made a total of 156 deposits into the commissary accounts of at least 44 inmates in the MCC and MDC, in an aggregate amount of $19,360.

2. In or about August 2007, Respondent offered to reduce the fee of a client who was then an inmate in the MCC in return for the client's referral of other

---

**2.** On April 1, 2009, New York Courts replaced the Lawyer's Code of Professional Responsibility with the New York Rules of Professional Conduct. The Committee reaches its decision applying the rules in effect as of the dates of Respondent's conduct, but notes that the disciplinary rules cited herein are fully consistent with the newly adopted rules in all respects here relevant.

MCC inmates to Respondent as clients, also in violation of Rule 7.2(a), former DR 2–103(D).

3. On or about March 22, 2011, Respondent violated Rules 8.4(c) and (d), which prohibit a lawyer from engaging in conduct "involving dishonesty, fraud, deceit or misrepresentation" and "that is prejudicial to the administration of justice," by urging a witness in the investigation being conducted on behalf of the Grievance Committee in this matter to obstruct the investigation by testifying falsely and concealing Respondent's payment in return for the witness' referral of clients to him.

4. On or about April 27, 2009, Respondent obtained a $21,000 loan from a client then incarcerated in the MDC, in violation of Rules 1.7 and 1.8. Respondent and the client had differing interests in the transaction; the transaction was not fair and reasonable to the client and its terms were not fully disclosed in writing; the client was not advised in writing of the desirability of seeking, or given a reasonable opportunity to seek, the advice of independent legal counsel on the transaction; and the client did not give informed consent, in a writing signed by the client, to the essential terms of the transaction and setting forth the lawyer's role in the transaction, including whether the lawyer was representing the client in the transaction.

5. In or about May 2009, Respondent's conduct violated Rule 8.4, in that Respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, when Respondent obtained $2,500 due the client referred to in ¶ 4 based on a representation by Respondent that he would convey the funds to the client, which Respondent did not do.

6. In or about June and July, 2009, Respondent violated Rule 1.15 in his handling of client funds entrusted to him, in that Respondent took possession of $159,000 in personal funds belonging to the client referred to in ¶ 4 pursuant to an agreement that the funds would be placed in a separate escrow account and would be made immediately available to the client upon his request. In violation of Rules 1.15(a) and (b), Respondent failed to create an escrow account for these funds, but rather placed this money into his business checking account. In violation of Rule 1.15(c)(3), Respondent failed to maintain complete records of these funds, to render appropriate accounts to the client or third person regarding them, and to promptly pay or deliver the funds to the client. On or about June 8, 2009, the client requested, and Respondent returned, $20,000 in client funds. In or about August 2009, Respondent returned an additional $2,200 in client funds. Despite repeated requests, Respondent refused to return any of the additional funds entrusted to him until approximately January 23, 2010, when Respondent issued a check in the client's name for $50,000. Respondent still possesses $86,800 of the client's funds. The client has made repeated requests for an accounting of his funds, which Respondent has declined to provide.

7. In or about October 2010, Respondent solicited an inmate of the MDC in apparent violation of a reciprocal Interim Order of Suspension issued by the District Court for the Eastern District of New York on September 28, 2010, in response to the Committee's Interim Order of September 24, 2010. As under the Committee's Order, the reciprocal Order suspended Respondent from practicing law before the District Court of the Eastern District of New York. While the Order was in effect, Respondent nonetheless entered into an oral agreement to represent an inmate of the MDC and accepted a $10,000 fee on his behalf, in violation of Rule 8.4, which prohibits attorneys from engaging in conduct involving dishonesty, fraud, deceit,

and misrepresentation. After Respondent failed several times to appear on this individual's behalf or perform any substantive work on his case, the individual became aware of Respondent's suspension and retained other counsel. The individual, now out of custody, has repeatedly asked Respondent to refund his fee. Respondent has refused to do so.

CONCLUSION

For the reasons discussed, Respondent is hereby DISBARRED from practicing law before this Court.

SO ORDERED.