[995 NYS2d 56]

In the Matter of Roy R. KULCSAR (Admitted as ROY RAYMOND JOHN KULCSAR), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 30, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Roy Kulcsar was admitted to the practice of law in the State of New York by the First Judicial Department on November 12, 1968 under the name Roy Raymond John Kulcsar. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within this Department.

By order entered June 14, 2012 (corrected June 25, 2012), this Court suspended respondent, pursuant to the doctrine of reciprocal discipline, from the practice of law for a period of two years, effective July 16, 2012, and until further order (see 98 AD3d 161 [1st Dept 2012]). The suspension was predicated on two orders: one dated February 15, 2011 issued by the U.S. Court of Appeals for the Second Circuit suspending respondent for six months and publicly censuring him (In re Kulcsar, 417 Fed Appx 15 [2d Cir 2011]); and the other dated March 24, 2011 issued by the U.S. District Court for the Southern District of New York suspending respondent for two years (In re Kulcsar, 2011 WL 1202168, 2011 US Dist LEXIS 37132 [SD NY, Mar. 24, 2011, No. M-2-238]). The conduct which resulted in the Second Circuit's order included respondent's permitting four criminal appeals in which he was counsel of record to be dismissed on default; failing to abide by the briefing schedule in three other criminal matters; making repeated motions for extensions of time to file briefs; and being chronically uncommunicative with court staff. The conduct which resulted in the Southern District's order involved respondent's improper handling of client funds and failure to cooperate with the investigation. The investigation into respondent's bank accounts was precipitated by allegations that respondent solicited inmates at certain detention facilities who were already represented by counsel, and improperly made payments into inmates' commissary accounts in exchange for client referrals. However, that conduct did not directly underlie the order suspending respondent.

Now, the Departmental Disciplinary Committee seeks a further order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, imposing reciprocal discipline on respondent, predicated on subsequent discipline imposed against him by the U.S. District Court for the Southern District of New York on May 18, 2012, to wit, his disbarment (In re

*Kulcsar*, 879 F Supp 2d 393 [SD NY 2012]). In the alternative, the Committee seeks an order sanctioning respondent as this Court deems appropriate. The Southern District's decision to disbar respondent was made after its Committee on Grievances (COG) alleged that respondent violated rule 7.2 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) and former Code of Professional Responsibility DR 2-103 (d) (22 NYCRR 1200.8 [d]), by compensating or offering to compensate others for referrals, making at least 39 deposits into the commissary account of an inmate of the Metropolitan Correctional Center, in Manhattan, between August 2006 and May 2008, totaling $4,670, and making at least nine deposits into the commissary account of an inmate in the Metropolitan Detention Center (MDC), in Brooklyn. The deposits were alleged to be part of a pattern involving 156 deposits into the commissary accounts of 44 inmates, totaling $19,360, from August 2004 through February 2010 and offering to reduce a client's fee in exchange for referrals.

The COG alleged that, on or about March 22, 2011, respondent engaged in conduct "involving dishonesty, fraud, deceit, or misrepresentation," which was prejudicial to the administration of justice, in violation of rule 8.4 (c) and (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), by urging a witness to testify falsely and conceal his payment to the witness in return for referrals. The COG further alleged that, in or about May 2009, respondent engaged in conduct "involving dishonesty, fraud, deceit, or misrepresentation," in violation of rule 8.4 (c), by retaining $2,500 due to a client. The COG also alleged that, on or about April 27, 2009, respondent obtained a $21,000 loan from an incarcerated client, in violation of rules 1.7 and 1.8 of the Rules of Professional Conduct (22 NYCRR 1200.0).

Finally, the COG alleged that, in or about June and July 2009, respondent placed $159,000 of a client's funds in his business checking account, failed to maintain complete records of the funds, failed to promptly deliver the funds to the client, retained $86,800 of the funds, and failed to provide an accounting of the funds, in violation of rule 1.15.

The COG rejected respondent's offer to resign from practice before the Southern District, and instead directed him to show cause why he should not be disbarred as a result of the alleged conduct. After he made several requests for extensions of time to respond to the charges, respondent failed to appear and the Southern District subsequently issued an order of disbarment,

finding that respondent violated the Rules of Professional Conduct and Code of Professional Responsibility by:

1. Improperly soliciting clients, in violation of rule 7.2 (a) and former DR 2-103 (d),* by, inter alia, compensating or offering to compensate others for referrals, making 156 deposits into the commissary accounts of at least 44 inmates, totaling $19,360, from August 2004 through February 2010;

2. Offering to reduce a fee in exchange for referrals, in violation of rule 7.2 (a) and former DR 2-103 (d);

3. Engaging in conduct "involving dishonesty, fraud, deceit, or misrepresentation," in violation of rule 8.4 (c) and (d), by urging a witness in the COG's investigation to testify falsely and conceal his payment for referrals;

4. Obtaining a $21,000 loan from an incarcerated client, in violation of rules 1.7 and 1.8;

5. Engaging in conduct "involving dishonesty, fraud, deceit, or misrepresentation," in violation of rule 8.4, by retaining $2,500 due a client;

6. (a) Improperly handling client funds, in violation of rule 1.15 (a) and (b), by placing $159,000 of a client's funds in his business checking account and failing to create an escrow account for these funds;

(b) Failing to maintain complete records of those funds, failing to render appropriate accounts of the funds to the client, and failing to promptly deliver the funds to the client, in violation of rule 1.15 (c) (3), and retaining $86,800 of those funds; and

7. Soliciting an inmate of the MDC, in apparent violation of a reciprocal interim order of suspension issued by the Eastern District, and accepting a $10,000 fee on his behalf, in violation of rule 8.4, failing to appear on the inmate's behalf, and refusing to refund the fee despite repeated requests.

22 NYCRR 603.3 (c) provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are:

> "(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

> "(2) that there was such an infirmity of proof

---

* In what appears to be a typographical error, the Southern District refers to DR 2-103 "(d)" instead of "(b)", while the language of the rule quoted is clearly DR 2-103 (b) (22 NYCRR 1200.0).

establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction . . . ; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

Respondent, who was properly served with this motion and has not filed answering papers or appeared herein, has waived his right to assert any defenses to reciprocal discipline (*see Matter of Steinbach*, 228 AD2d 88, 89-90 [1st Dept 1997]). Additionally, Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York rule 1.5 (d) (1) allows for the imposition of discipline without a formal hearing where the attorney "fails to show good cause to hold an evidentiary hearing." As respondent did not contest the allegations or substantively respond to them, there was no need for a hearing and this Court may impose reciprocal discipline in the absence of a hearing (*see Matter of Kulcsar*, 98 AD3d at 165).

Further, the Southern District's findings were supported by respondent's failure to contest the charges and he cannot now challenge the sufficiency of proof (*see* 22 NYCRR 603.3 [c] [2]; *Matter of Munroe*, 89 AD3d 1 [1st Dept 2011]; *Matter of Chang*, 57 AD3d 151 [1st Dept 2008]). Indeed, this Court has held that the failure to answer charges in a disciplinary proceeding constitutes an admission (*see Matter of Holubar*, 84 AD3d 100 [1st Dept 2011] [attorney charged with 47 counts of misconduct stemming from eight complaints, including giving false testimony before the Committee and converting client funds]; *Matter of McClain-Sewer*, 77 AD3d 204 [1st Dept 2010]; *Matter of Sheehan*, 48 AD3d 163 [1st Dept 2007] [attorney converted client funds and made a misleading statement in opposition to a petition to suspend his license]). This is so even when a respondent generally denies, but does not defend against, the charges (*see Matter of Cihak*, 49 AD2d 412 [1st Dept 1975]). Thus, there is no infirmity of proof.

As the Southern District applied New York law in determining that respondent's conduct violated the Rules of Professional Conduct and the Code of Professional Responsibility, the misconduct for which he was disciplined clearly constitutes misconduct in this jurisdiction. Thus, the final defense to reciprocal discipline is unavailable (*see* 22 NYCRR 603.3 [c] [3]).

With regard to sanction, in reciprocal discipline proceedings, this Court generally defers to the sanction determination made

in the jurisdiction where the misconduct occurred (*see Kulcsar*, 98 AD3d at 166; *Matter of Jaffe*, 78 AD3d 152 [1st Dept 2010]). However, when the sanction in that jurisdiction deviates substantially from this Court's precedent, this Court has departed from the general policy of deference and imparted a penalty consistent with its precedent (*see Matter of Lowell*, 14 AD3d 41, 48-49 [1st Dept 2004], *appeal dismissed* 4 NY3d 846 [2005], *lv denied* 5 NY3d 708 [2005]).

This Court has imposed disbarment for the most serious conduct for which respondent was found guilty, to wit, misappropriating client funds, urging a witness to testify falsely, and practicing law while suspended, and the imposition of such penalty is warranted here. Indeed, this Court has consistently held that an attorney's conversion of funds belonging to a client or third party, for personal use, when accompanied by venal intent, warrants disbarment absent extremely unusual mitigating circumstances (*see Matter of Kennedy*, 99 AD3d 75 [1st Dept 2012]; *Matter of Holubar*, 84 AD3d at 104; *Matter of Sheehan*, 48 AD3d at 167; *Matter of Kirschenbaum*, 29 AD3d 96, 102 [1st Dept 2006]; *see also Matter of Brusch*, 105 AD3d 124 [1st Dept 2013] [reciprocal discipline of disbarment imposed for the conversion of client funds]; *Matter of Hersh*, 91 AD3d 144 [1st Dept 2011] [same]). Likewise, respondent's act of urging a witness to testify falsely constitutes egregious conduct and independently warrants disbarment (*see Matter of Collins*, 225 AD2d 181 [1st Dept 1996]; *Matter of Friedman*, 196 AD2d 280 [1st Dept 1994], *appeal dismissed* 83 NY2d 888 [1994], *cert denied* 513 US 820 [1994] [finding that any one of the respondent's acts of intentional dishonesty, including soliciting false testimony, would be grounds for disbarment]), as does his act of soliciting, and accepting a fee for legal work while suspended (*see Matter of McClain-Sewer*, 77 AD3d at 205-206; *Matter of Blau*, 70 AD3d 28, 31 [1st Dept 2009] [noting that, pursuant to Judiciary Law § 486, an attorney who practices law while suspended is guilty of a misdemeanor]; *Matter of Gill*, 3 AD3d 109 [1st Dept 2004]).

Respondent's commission of three acts of serious misconduct, which independently provide grounds for disbarment, as well as additional misconduct, including paying inmates (a vulnerable class of client) for client referrals, in violation of rule 7.2 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) and former Code of Professional Responsibility DR 2-103 [b] [22 NYCRR 1200.8 (b)]), and obtaining a loan from an incarcerated

client in violation of rules 1.7 and 1.8, evidence his unfitness to practice law.

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent should be disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

GONZALEZ, P.J., TOM, MAZZARELLI, ACOSTA and DEGRASSE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.