[17 NYS3d 412]

In the Matter of NEIL L. GROSS (Admitted as NEIL LAWRENCE GROSS), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 13, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Neil L. Gross*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Neil L. Gross was admitted to the practice of law in the State of New York by the First Judicial Department on January 23, 1995, under the name Neil Lawrence Gross. At all times relevant to this proceeding, respondent maintained a registered address in New Jersey, where he is admitted to practice.

By order of April 2, 2009, this Court suspended respondent, pursuant to Judiciary Law §§ 90 (2) and 468-a, until further order of this Court, for failure to file attorney registration statements and pay biennial registration fees (*Matter of Attorneys in Violation of Judiciary Law § 468-a*, 64 AD3d 187 [1st Dept 2009]). Respondent has not moved for reinstatement and remains suspended.

The Supreme Court of New Jersey, on or about February 28, 2011, also temporarily suspended respondent for failure to cooperate with a disciplinary investigation (205 NJ 82, 12 A3d 717 [2011]). Although respondent was reinstated by order filed March 30, 2011 (205 NJ 233, 14 A3d 748 [2011]), later that year respondent was censured in New Jersey for misconduct in three client matters.[1] By order filed May 2, 2012, the Supreme Court of New Jersey again censured respondent for violating New Jersey Rules of Professional Conduct (RPC) rules 1.1 (a) (gross neglect) and 8.1 (b) (failure to cooperate with disciplinary authorities) (210 NJ 115, 41 A3d 736 [2012]). Thereafter, the Supreme Court of New Jersey suspended respondent two more times[2] before ultimately disbarring him on October 22, 2014, for, inter alia, practicing law while suspended (220 NJ 3, 100 A3d 190 [2014]).

---

**1.** Respondent was found guilty, by default, of gross neglect, failure to safeguard client property, and failure to cooperate with disciplinary authorities by way of default, according to a decision by the Supreme Court of New Jersey Disciplinary Board dated April 2, 2013 (docket No. DRB 12-375).

**2.** By orders filed October 23, 2012 and January 7, 2014, the Supreme Court of New Jersey temporarily suspended respondent for failure to cooperate with a disciplinary investigation (212 NJ 328, 53 A3d 1229 [2012]) and for six months for failure to cooperate with a disciplinary investigation and violating RPC rules 1.15 (b) (failure to promptly deliver funds to a client or third person), 3.3 (a) (knowingly making a false statement of material fact to a tribunal), 5.5 (a) (practicing law while ineligible), 8.1 (a) (knowingly making a false statement of material fact to a disciplinary authority) and (b) (failure to reply to a lawful demand for information from a disciplinary authority) and 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation), respectively (216 NJ 401, 82 A3d 237 [2014]).

By notice of petition dated March 25, 2015, the Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, disbarring respondent predicated upon the discipline imposed by the Supreme Court of New Jersey, or, in the alternative, imposing whatever sanction this Court deems appropriate and granting such other and further relief as is just and proper. Respondent, pro se, was served with the Committee's petition, but he has not submitted a response.

The only defenses to reciprocal discipline are enumerated at 22 NYCRR 603.3 (c), to wit, a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; and where the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (*Matter of Hoffman*, 34 AD3d 1 [1st Dept 2006]).

None of the enumerated defenses are available to respondent. Respondent received notice of the charges against him and was accorded an opportunity to be heard, but he defaulted. Moreover, the New Jersey Supreme Court's findings are amply supported by the record, and the actions for which respondent was disciplined in New Jersey constitute misconduct in New York. Specifically, the New Jersey Supreme Court found that respondent violated RPC rules 1.3 (lack of diligence), 1.4 (b) (failure to communicate), 5.5 (a) (1) (practicing law while suspended), 8.1 (b) (failure to cooperate with disciplinary authorities) and 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and (d) (conduct prejudicial to the administration of justice), which correspond to several provisions of the New York Rules of Professional Conduct (22 NYCRR 1200.0), namely, rules 1.3, 1.4, 5.5 (a) and 8.4 (c) and (d).

As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (*see Matter of Peters*, 127 AD3d 103 [1st Dept 2015]; *Matter of Vialet*, 120 AD3d 91 [1st Dept 2014]). In this matter, respondent was disbarred in the foreign jurisdiction. Furthermore, disbarment is in accord with this Court's precedent involving similar misconduct (*see e.g. Matter of Kulcsar*, 123 AD3d 251 [1st Dept 2014]; *Matter of Streit*, 89 AD3d 190 [1st Dept 2011]; *Matter of Velella*, 51 AD3d 73 [1st Dept 2008]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent disbarred and his name

stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

MAZZARELLI, J.P., SWEENY, ACOSTA, RENWICK and ANDRIAS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.