In the Matter of KENNETH ANDERSON (Admitted as KENNETH FREDERICK ANDERSON, II), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 28, 1992

**APPEARANCES OF COUNSEL**

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Kenneth F. Anderson, as Kenneth Frederick

Anderson, II, was admitted to the practice of law in New York by the First Judicial Department on September 17, 1979. At all times pertinent to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department.

This court previously has determined that respondent had violated Code of Professional Responsibility DR 9-102 (A) and 22 NYCRR 603.15 by failing to segregate in a special account the client's portion of bail money returned to respondent by the bondsman; DR 1-102 (A) (4) and (6), by keeping and spending the money belonging to his client for his own purposes; and DR 9-102 (B) (1) (3) and (4), by not keeping proper records, failing to render an accounting, and failing to deliver client property upon demand. Respondent's misconduct was further compounded by his failure to submit a timely answer to the disciplinary charges which led to his suspension; his willful failure to appear at the disciplinary hearing and his failure to answer the petition to confirm the Hearing Panel report.

By order (M-120) of this court entered May 30, 1991 respondent was suspended from the practice of law for a period of two years, effective July 1, 1991. *(Matter of Anderson,* 168 AD2d 59.)

The Departmental Disciplinary Committee has now moved for an order pursuant to Judiciary Law § 90 (2) disbarring respondent for his willful failure to comply with the court's order of suspension dated May 30, 1991.

The Committee states that on June 14, 1991, three days after service of the notice of entry of the suspension order, respondent affirmed in papers supporting an application for an order to show cause in the matter of *15 Ft. Washington Ave. HDFC v Barksdale* (Index No. 1199 11/90, Civ Ct, NY County) that he would not be allowed to appear in court on any matter as of July 1, 1991, by order of the Appellate Division. Respondent stated that his client, Albert Barksdale, needed to get new counsel.

Thereafter, on June 27, 1991, just days before the effective date of his suspension, respondent told Edward Filemyr, Esq., his opposing counsel in the *Barksdale* matter, that in view of his impending suspension from the practice of law, he would make an application to the Appellate Division for permission to continue to represent his client. No such application was made, however.

On August 13, 1991, approximately six weeks after the effective date of his suspension and despite his knowledge that he was barred from practicing law, respondent noted his appearance for his client on the record at the trial of the matter, and conducted cross-examination of a witness.

Thereafter, respondent made two more appearances in this matter before the Honorable James Greyshaw, the first on August 22, 1991 (to request an adjournment) and the second on August 27, 1991 (to continue the trial). On the latter date, Mr. Filemyr informed Judge Greyshaw of respondent's suspension and the court refused to allow respondent to continue in the case.

The Committee asserts that by appearing or participating in the trial on three separate occasions after July 1, 1991, respondent engaged in the practice of law while under suspension. The Committee states that respondent's failure to comply with the order suspending him from the practice of law violates Judiciary Law §§ 484 and 486. Moreover, the Committee asserts that practicing law while under suspension constitutes grounds for disbarment.

Respondent was personally served with notice of the Committee's motion on February 14, 1992. To date, respondent has not interposed a response.

A review of the evidence submitted by the Committee, specifically, the affirmation of Edward Filemyr, respondent's adversary in the matter of *15 Ft. Washington Ave. HDFC v Barksdale,* and a partial transcript from that proceeding, on August 13, 1991, indicates that respondent has appeared and/or participated in the trial of that matter on three separate occasions after the effective date of this court's order of suspension. Respondent has not submitted an answer to this motion refuting these facts. As such, it can be concluded that respondent has engaged in the practice of law while under suspension. This court has consistently held that practicing law while under suspension constitutes grounds for disbarment. *(See, Matter of Olitt,* 145 AD2d 273; *Matter of Crescenzi,* 136 AD2d 386; *Matter of Brill,* 131 AD2d 3; *Matter of Elliott,* 118 AD2d 293.)

Accordingly, the Committee's motion is granted and respondent is disbarred pursuant to Judiciary Law § 90 (2) for his willful failure to comply with the order of this court entered May 30, 1991, suspending him from the practice of law.

ROSENBERGER, J. P., WALLACH, ASCH, KASSAL and SMITH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, and his name struck from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.