[770 NYS2d 71]

In the Matter of LE'ROI L. GILL (Admitted as LEROI LIONEL GILL), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 15, 2004

### APPEARANCES OF COUNSEL

*Thomas J. Cahill (Andral N. Bratton* of counsel), for petitioner.
*Le'Roi L. Gill*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Le'Roi Lionel Gill was admitted to the practice of law in the State of New York in the Second Judicial Department on February 5, 1986. At all times pertinent to this proceeding he maintained an office for the practice of law within the First Judicial Department.

Respondent was suspended from the practice of law, effective as of November 4, 1996, for a period of three years and until further order of this Court for neglecting the legal matters of two clients and committing fraud upon them by misrepresenting the status of their cases (225 AD2d 170 [1996]). The Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, without further proceedings, for willfully engaging in the unauthorized practice of law and failing to comply with this Court's order of suspension. Respondent has failed to file an affidavit of his compliance with said order as required by Rules of this Court (22 NYCRR) § 603.13 (f). In addition, in January 2003, the Committee received a complaint against respondent in connection with his practice of law. Included with the complaint was correspondence under the letterhead "Law Offices of Le'Roi L. Gill, Esq." advising the New York City Department of Housing that respondent was counsel for Maria Singh and had represented her in a real estate transaction. Also included was a copy of the client's check to respondent for $400 for legal services.

Respondent failed to timely respond despite several notices from the Committee. In a submission received on the eve of the return date of the Committee's motion, respondent asserted that his suspension "concluded on November 6, 1999" and conceded that he had represented Maria Singh "in a real estate transaction on April 1, 2002."

Respondent's untimely response to the complaint merely confirms his violation of this Court's order. Respondent was precluded from practicing law or holding himself out as an attorney and suspended "until the further order of this Court." In view of his default in filing an affidavit of compliance, his failure to contest clear evidence of his violation of the order of suspension and his neglect to seek reinstatement, respondent is subject to disbarment without further proceedings (see *Matter of Anderson*, 180 AD2d 146, 148 [1992]; *Matter of Jackson*, 149 AD2d 10, 12-13 [1989]). Engaging in the practice of law "while under a suspension order is unlawful (Judiciary Law § 486) and warrants immediate disbarment" (*Matter of Elliott*, 118 AD2d 293, 296 [1986]). Finally, we reject as incredible respondent's

claim that he did not receive multiple notices mailed to the same address listed on his letterhead and contained in an agreement prepared on behalf of his client.

Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors at law, effective immediately.

MAZZARELLI, J.P., ANDRIAS, ROSENBERGER, ELLERIN and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.