[780 NYS2d 557]

In the Matter of JAMES L. HUBBERT (Admitted as JAMES LEON HUBBERT), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 10, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Andral N. Bratton* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent James L. Hubbert was admitted to the practice of law in the State of New York by the Second Judicial Department on July 31, 1985 as James Leon Hubbert. Until his suspension by order entered January 3, 2002, respondent, at all times relevant to this proceeding, maintained an office for practice of law in this Department. The suspension was based upon a finding that respondent had neglected two legal matters entrusted to him, failed to return promptly the unearned portion of his fee to a client and failed to cooperate with the Disciplinary Committee's investigation (*Matter of Hubbert*, 290 AD2d 122 [2002]). The Disciplinary Committee now seeks an order disbarring respondent from the practice of law for willfully engaging in the unauthorized practice of law and failing to comply with the order of suspension.

Respondent has failed to file an affidavit of compliance with the order of suspension as required by 22 NYCRR 603.13 (f). In addition, respondent has engaged in the unauthorized practice of law on at least three occasions, as evidenced by transcripts of court proceedings attached to the motion reflecting his appearance as counsel, in direct violation of the order of suspension. In an untimely response to the Committee's written request for an explanation of his court appearances, respondent asserts that he will not "attempt to offer an 'explanation' for his actions" or "offer evidence in support of mitigation," but, urging that sanctions less onerous than disbarment are available, requests a dispositional hearing.

It is undisputed that respondent failed to file an affidavit of compliance and that he has engaged in the unauthorized practice of law. Practicing law while under an order of suspension is unlawful (Judiciary Law § 486) and warrants immediate disbarment (*Matter of Gill*, 3 AD3d 109 [2004]).

Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors at law, effective immediately.

BUCKLEY, P.J., NARDELLI, SAXE, SULLIVAN and WILLIAMS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.