[804 NYS2d 18]

In the Matter of MICHAEL L. GOLDMAN (Admitted as MICHAEL LARRY GOLDMAN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 11, 2005

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Nicole Corrade* of counsel), for petitioner.

*David H. Gendelman* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael L. Goldman was admitted to the practice of law by the Second Judicial Department on November 15, 1978. Until his suspension by order of this Court entered May 18, 2004, at all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department (7 AD3d 18 [2004]).

Respondent's suspension was based on his wilful failure to cooperate with the Committee in its investigation of allegations of professional misconduct. Specifically, this Court held that respondent "repeatedly thwarted the Committee's investigation" into six disciplinary complaints and, in addition, that "bank records show that [he] has committed misconduct by mishandling or misappropriating client funds in violation of Code of Professional Responsibility DR 1-102 (a) (4) and DR 9-102 (a) and (b)" (*id.* at 22).

The Departmental Disciplinary Committee seeks an order disbarring respondent, pursuant to 22 NYCRR 603.13, for his deliberate failure to comply with the order of suspension by his failure to file an affidavit of compliance (22 NYCRR 603.13 [f]), his wilful engagement in the unauthorized practice of law (22 NYCRR 603.13 [a]) and his continued failure to cooperate with the Committee in its investigation and, pursuant to 22 NYCRR 603.4 (g), because he is suspended and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement within six months of the suspension date. Respondent cross-moves for reinstatement or, in the alternative, to hold the motion to disbar and cross motion for reinstatement in abeyance.

Respondent, representing the sellers, appeared with his client for a closing on June 7, 2004 in connection with a real estate transaction. Respondent admits that even though he was suspended he appeared on that date and that he spoke and wrote letters to the buyer's attorney thereafter and does not dispute that while the closing did not take place due to unresolved issues and has still not taken place, the $43,000 down payment that had been tendered to respondent has not been returned to the buyer.

In addition, respondent failed to file an affidavit of compliance within 10 days of the effective date of the suspension or-

der, as required by 22 NYCRR 603.13 (f). He did not file the affidavit for more than 10 months; it was finally filed as an attachment to his cross motion for reinstatement. We also note that respondent has continued to fail to provide requested escrow records and related banking documents and that he failed to seek a hearing or reinstatement for more than six months from the date of the order of suspension.

It is undisputed that respondent engaged in the unauthorized practice of law with respect to at least one legal matter. "Practicing law while under an order of suspension is unlawful (Judiciary Law § 486) and warrants immediate disbarment" (*Matter of Hubbert,* 10 AD3d 32, 33 [2004]; *Matter of Gill,* 3 AD3d 109 [2004]).

Accordingly, the Committee's motion should be granted and respondent disbarred, effective immediately. Respondent's cross motion should be denied.

BUCKLEY, P.J., MAZZARELLI, SAXE, SULLIVAN and NARDELLI, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof; cross motion denied.