[837 NYS2d 605]

In the Matter of ERIK VESKI, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 17, 2007

#### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Andral N. Bratton* of counsel), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Erik Veski was admitted to the practice of law in

the State of New York by the Second Judicial Department on July 28, 1982. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered May 26, 2004, this Court granted the Disciplinary Committee's petition for collateral estoppel, finding respondent guilty of professional misconduct involving dishonesty, fraud, deceit or misrepresentation, and conduct which adversely reflected on his fitness as a lawyer, and referred the matter back to the Committee solely to consider evidence in mitigation or aggravation, and to recommend an appropriate sanction. The collateral estoppel petition was based on a jury verdict and a $427,625.07 judgment against respondent, entered on June 21, 2002, in a civil matter in Supreme Court, Westchester County. Respondent's misconduct involved fraudulent activities culminating in his obtaining real estate loans from clients under false pretenses.

By order entered March 30, 2006, this Court suspended respondent from the practice of law for three years, effective the date of the order, and also directed respondent to make monetary restitution to his former clients in the amount of $427,625.07 and, where appropriate, to the Lawyers' Fund for Client Protection (*Matter of Veski*, 29 AD3d 250 [2006]).

Nevertheless, just over eight months later, the Committee received a letter from an attorney, Mitchell Weingarden, who alleged that respondent had held himself out to Weingarden's client as counsel for the client's adversary, who was identified as an architect named "Eva." Weingarden attached a December 6, 2006 e-mail from respondent to Weingarden's client, Rich Sauerhaft, which was a follow-up to a conversation during which respondent represented himself to Mr. Sauerhaft to be an attorney, and respondent was also described as an attorney by "Eva." Although respondent does not identify himself as an attorney in that e-mail or use the designation "Esq.," the tone and content of the three-page e-mail is legal in nature. In his e-mail, respondent advised that, among other things, if Sauerhaft tried to hire another architect to take over Eva's working drawings, a federal court action and statutory damages could result for willful infringement, and he cites to the applicable federal statute. Respondent ended the e-mail by telling Sauerhaft "what will be done"; he listed the amount of money still owed Eva; and he stated that "[w]e will hold off on contacting the building department for 24 hours, or until 3:00 p.m. Thursday, to await your

expected agreement to the foregoing terms. Should this matter not be finalized immediately, any possibility of a final resolution will undoubtedly involve a prolonged process."

The day after Sauerhaft forwarded this e-mail to Weingarden, Weingarden sent a letter to respondent referring to the e-mail; noting that he was unable to locate a listing for respondent as an attorney; and advising that "as an attorney I am sure you are aware of the potential penalties for threatening criminal or quasi-criminal prosecution in order to collect a civil debt. Your letter comes very close, if not steps over, this line."

Shortly thereafter, the Committee received correspondence from the Lawyers' Fund for Client Protection that gave notice of two dishonored checks drawn from respondent's escrow account—respondent had written checks for $527 and $840.50, which were dishonored on November 17 and November 23, 2006, respectively, for insufficient funds.

The Committee forwarded copies of the Weingarden and the Lawyers' Fund for Client Protection correspondence to respondent's "office" and residence requesting an explanation for his direct violations of the order of suspension, and advising that his failure to do so would result in the instant disbarment proceeding. Respondent did not respond to that letter or a subsequent letter sent by the Committee on February 6, 2007, or to the instant motion.

The Committee now seeks an order disbarring respondent, without further proceedings, for failing to comply with this Court's March 30, 2006 order of suspension. It is undisputed that respondent has willfully engaged in the unauthorized practice of law, by holding himself out as an attorney in good standing to both his client "Eva" and her adversary, by giving to another an opinion as to the law or its application or any advice in relation thereto, and by using (and misusing) his attorney escrow account while under suspension, and has failed to file the affidavit of compliance with said suspension order as required by the rules of this Court (22 NYCRR 603.13 [f]). Engaging in the practice of law "while under an order of suspension is [a misdemeanor] (Judiciary Law § 486) and warrants immediate disbarment" without further proceedings (see Matter of Goldman, 24 AD3d 29, 31 [2005], lv denied 7 NY3d 718 [2006]; Matter of Brown, 31 AD3d 46 [2006]; Matter of Hubbert, 8 AD3d 199 [2004]; Matter of Gill, 3 AD3d 109 [2004] [attorney's failure to contest clear evidence of violation of suspension order and default in filing of affidavit of compliance, warranted immediate disbarment]).

Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law, effective immediately.

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, WILLIAMS and GONZA-LEZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.