[888 NYS2d 8]

In the Matter of HOWARD L. BLAU, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 27, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Stephen M. McGoldrick* of counsel), for petitioner.

*Howard L. Blau*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Howard L. Blau was admitted to the practice of law in the State of New York by the Second Judicial Department on October 14, 1970. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

By an order entered in February 2008 (50 AD3d 240 [2008]), this Court suspended respondent from the practice of law, with immediate effect, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii). The suspension was based on substantial admissions made by respondent under oath and on documentary evidence showing that, inter alia, he misused and misappropriated client and third-party funds.

The Departmental Disciplinary Committee (the Committee) now seeks an order, pursuant to Judiciary Law § 90 (2), disbarring respondent without further proceedings based on evidence that, since being suspended from the bar, he has improperly held himself out as an attorney and has engaged in the unauthorized practice of law in willful violation of this Court's order of suspension and Judiciary Law § 486.

The Committee advises that respondent has not complied with his obligations under 22 NYCRR 603.13 to notify his clients of his suspension and to file with this Court an affidavit of compliance with the order of the suspension. In addition, the Committee has discovered that respondent, in violation of Judiciary Law § 486 and this Court's order of suspension, continued to hold himself out as a licensed attorney by maintaining a Web page on the Internet identifying himself as an "Attorney at Law." The Committee has furnished this Court with a printout of the offending Web page.

The Committee's evidence that respondent has engaged in the practice of law after the effective date of his suspension in February 2008 is uncontroverted. A letter from Keith Schutzman, Esq., dated July 18, 2008, advised the Committee that respondent had represented the seller of a cooperative apartment in a transaction in which Schutzman represented the purchasers. Acting as the seller's attorney, respondent negotiated and prepared a contract of sale, which was dated May 1, 2008. On May 14, 2008, Schutzman wired a $51,000 deposit to respondent's IOLA account per respondent's e-mail instructions. Upon learning of respondent's suspension on July 18, 2008, Schutzman immediately made efforts to contact respondent to demand

the return of the deposit and respondent's withdrawal as the seller's counsel. Respondent eventually returned Schutzman's telephone calls and promised to return the deposit. As of the date of Schutzman's letter, however, the money had not been returned.

The Committee also received a letter from Jay M. Newman, Esq., who replaced respondent as attorney for the seller in the same transaction referenced in the Schutzman letter. Newman's letter, dated July 21, 2008, advised that respondent never responded to his repeated requests that, pursuant to the written request of the parties, he transfer the $51,000 contract deposit to Newman as the new escrowee. Newman also stated that he had contacted the New York County District Attorney's Office about this matter, and that his client had filed a claim with the Lawyers' Fund for Client Protection.

The Committee also notes that on July 22, 2008, respondent testified as a witness at a hearing before Supreme Court, New York County, on a postconviction motion in a criminal matter captioned *People v Donald Glassman*. During cross-examination by defense counsel in the *Glassman* matter, respondent invoked his Fifth Amendment right against self-incrimination whenever questioned about his postsuspension activities, such as whether he was retained by clients and whether he had closed his law practice.

After the foregoing matters came to the Committee's attention, respondent was given an opportunity to resign from the bar, as he stated was his preference. The affidavit of resignation that respondent tendered to the Committee failed, however, to comply with the requirements of 22 NYCRR 603.11. The Committee has therefore moved for respondent's summary disbarment.

Respondent, acting pro se, has submitted an opposition affidavit attaching an affidavit of resignation, which he asks this Court to accept in lieu of granting the Committee's motion. The affidavit of resignation, sworn to on May 20, 2009, is the same affidavit the Committee rejected. We agree with the Committee that this affidavit cannot be accepted, as it fails to comply with 22 NYCRR 603.11. Specifically, respondent has stricken from the affidavit (which the Committee drafted) the portions acknowledging the complaints against him that are under investigation, admitting that he could not successfully defend himself on the merits against charges based on such complaints, and affirming that he is not resigning under coercion or duress.

In his opposition affidavit, respondent contends that he should be allowed "to resign gracefully and with the dignity that should be allowed to a lawyer who spent almost 40 years of his life performing thousands of hours of *pro bono* work as an attorney." In addition, he names his treating psychiatrist and lists several medications that allegedly have been prescribed for him, asserting that this information warrants accepting his resignation on medical grounds. He states that he is "emotionally unable to participate in any hearings or referrals to referees as a result of my medical condition," in that he "cannot handle the stress which would be generated by such proceedings." He refuses, however, to admit the charges against him, and declines "to prostrate myself in order to resign from the Bar."

In reply, the Committee points out that respondent fails to address the evidence of his defiance of the interim suspension order, and reiterates that the proffered affidavit of resignation does not meet the requirements of 22 NYCRR 603.11.

The Committee has demonstrated that respondent, in willful defiance of this Court's order of interim suspension and of Judiciary Law § 486, has held himself out as an attorney, has openly and notoriously engaged in the unauthorized practice of law, and has failed to file an affidavit of compliance with his interim suspension. Since the Committee's evidence is not controverted in any way, respondent should be immediately disbarred pursuant to Judiciary Law § 90 (2) (*see Matter of Veski*, 42 AD3d 122 [2007]; *Matter of Brown*, 31 AD3d 46 [2006]; *Matter of Gill*, 3 AD3d 109 [2004]). We note that, under Judiciary Law § 486, an attorney who engages in the practice of law while suspended is guilty of a misdemeanor. Respondent's affidavit of resignation cannot be accepted, as it fails to conform to the requirements of 22 NYCRR 603.11.

Accordingly, the Committee's motion should be granted, respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

SAXE, J.P., FRIEDMAN, BUCKLEY, CATTERSON and McGUIRE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.