[931 NYS2d 588]

In the Matter of MARTIN S. STREIT (Admitted as MARTIN STAN-
LEY STREIT), a Suspended Attorney, Respondent. DEPART-
MENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL
DEPARTMENT, Petitioner.

First Department, October 25, 2011

#### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Com-
mittee*, New York City (*Scott D. Smith* of counsel), for petitioner.

*Martin S. Streit*, respondent pro se.

#### OPINION OF THE COURT

Per Curiam.

Respondent Martin S. Streit was admitted to the practice of
law in the State of New York by the First Judicial Department

on June 27, 1956 under the name Martin Stanley Streit. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

In April 2008, the Departmental Disciplinary Committee served respondent with six charges for neglect of a client matter (for a period approximating 14 years) and failure to cooperate with the Committee's investigation, which included his failure to produce a client file in compliance with a subpoena and his overall failure to cooperate. His failure to cooperate necessitated two motions for immediate suspension. Following a hearing, the Referee sustained all the charges (with the exception of one mooted charge) and recommended a one-year suspension. The Hearing Panel agreed with the Referee's report in all respects. The Committee moved to confirm and sought a suspension of at least one year. Respondent requested a dismissal of all charges or, in the alternative, a sanction no more severe than a public censure.

We granted the Committee's motion to the extent of confirming the Hearing Panel's report with respect to the five charges, disaffirmed the recommended sanction and suspended respondent from the practice of law for a period of six months, effective August 5, 2010 (*Matter of Streit*, 76 AD3d 250 [2010], *lv denied* 16 NY3d 782 [2011]). In setting the sanction, we took into consideration respondent's 52 years of practice, his representation of needy clients, his military service and his prior disciplinary record which consisted of one prior admonition. However, we also found that

> "it is evident that [respondent] neglected the matter entrusted to him over a very lengthy period of time, and was less than candid and cooperative when the investigation was ongoing. A mere censure or admonition would serve to ignore the significance of respondent's acts—which was the neglect of a matter entrusted to him by a client who had placed her faith in him" (*id.* at 256-257).

Thereafter, respondent moved for reargument or, in the alternative, for leave to appeal to the Court of Appeals, alleging age discrimination. By order entered November 9, 2010 (2010 NY Slip Op 87449[U]), we denied the motion in its entirety. In December 2010, respondent moved in the Court of Appeals seeking leave to appeal from our order of suspension and for a stay. On February 22, 2011, the Court of Appeals denied leave to ap-

peal and dismissed the stay application as academic (*Matter of Streit*, 16 NY3d 782 [2011]).

On July 20, 2010, respondent was served with a copy of the order of suspension and notice of entry via first-class mail and certified mail, return receipt requested.

Thereafter, respondent failed to comply with 22 NYCRR 603.13 (f), which provides for, inter alia, the filing of an affidavit of compliance with our suspension order within 10 days of the effective date of the suspension.

The Committee has submitted uncontroverted evidence that respondent continued to practice law while under suspension. Specifically, the Character and Fitness Committee received a letter dated November 30, 2010 from Kings County Family Court Judicial Hearing Officer (JHO) Anne G. Feldman stating that respondent appeared before her on November 22, 2010 on behalf of a client and advised her that his presence was required in another case in Supreme Court that same day. When she discovered that he was not authorized to practice law, she left him a voice mail message and sent him a letter dated November 23, 2010, notifying him that she had verified that he had been suspended for six months as of August 5, 2010, that he should know that he cannot appear in court on behalf of clients, and that she was notifying his client that respondent cannot represent him.

On December 8, 2010, respondent appeared before New York County Criminal Court Judge Frank P. Nervo, on behalf of two named clients. According to a letter from Judge Nervo and a transcript of the proceeding, respondent appeared that day and made an application for an adjournment so that he could prepare a CPL 30.30 speedy trial motion on behalf of his clients.

The Committee now seeks an order pursuant to Judiciary Law § 90 (2) and § 486 immediately disbarring respondent from the practice of law, without further proceedings, for willfully engaging in the unauthorized practice of law in violation of our order of suspension.

Respondent, pro se, was granted a one-month adjournment of the Committee's motion to disbar. On the new return date, he made an interim application requesting another one-month adjournment, which we granted. To date, respondent has not submitted a response.

The Committee has submitted clear evidence that respondent, in just over three months after the effective date of his

suspension, appeared on behalf of three clients on at least two separate occasions before a criminal court judge and a JHO. Moreover, it is uncontroverted that he failed to file an affidavit of compliance following his suspension and has held himself out as an attorney in good standing.

"Engaging in the practice of law 'while under an order of suspension is [a misdemeanor] (Judiciary Law § 486) and warrants immediate disbarment' without further proceedings" (*Matter of Veski*, 42 AD3d 122, 124 [2007], citing *Matter of Goldman*, 24 AD3d 29, 31 [2005], *lv denied* 7 NY3d 718 [2006]; *Matter of Blau*, 70 AD3d 28, 31 [2009]; *Matter of Brown*, 31 AD3d 46, 50 [2006]). In view of his default in filing an affidavit of compliance, and his failure to contest clear evidence of his violation of the order of suspension, respondent is subject to disbarment without further proceedings (*see Matter of Gill*, 3 AD3d 109, 110 [2004]; *Matter of Anderson*, 180 AD2d 146, 148 [1992]).

Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors at law, effective immediately.

TOM, J.P., SAXE, SWEENY, CATTERSON and ABDUS-SALAAM, JJ.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.