[41 NYS3d 484]

In the Matter of JOHN L. SAMPSON (Admitted as JOHN LLWELYN SAMPSON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 1, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Aidala, Bertuna & Kamins, PC* (*Barry Kamins* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent John L. Sampson was admitted to the practice of law in the State of New York by the Second Judicial Department on April 29, 1992, under the name John Llwelyn Sampson. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered March 10, 2016, this Court immediately suspended respondent from the practice of law upon finding that his felony convictions for obstruction of justice (18 USC §§ 1503 [a], [b] [3]) and making false statements (18 USC § 1001 [a] [2]) were "serious crimes," and referred the matter back to the Departmental Disciplinary Committee (Committee) for a sanction hearing before a hearing panel within 90 days following the imposition of sentence, or respondent's release from incarceration, if applicable (*see* 138 AD3d 175 [1st Dept 2016]; *see also* Judiciary Law § 90 [4] [d], [f], [g]).[1]

On March 14, 2016, the Committee served respondent's counsel with the suspension order with notice of entry. Respondent subsequently filed an affidavit of compliance (sworn to March 17, 2016) as required by Rules of the Appellate Division, First Department (22 NYCRR) § 603.13 (f), wherein he stated that he had advised his clients of his suspension by certified mail; however, he did not specifically state that he did so by *return receipt*, as required (§ 603.13 [d] [1]). Respondent also

---

**1.** Respondent was convicted on July 24, 2015, after a jury trial, in the United States District Court for the Eastern District of New York. He has not yet been sentenced.

stated as required that he "notified by certified mail all clients being represented by [him] in pending matters which are in litigation and the attorney for each party in such matters, of [his] suspension and inability to act as an attorney after March 10, 2016."

The Committee now seeks an order immediately disbarring respondent, without further proceedings, for willfully engaging in the unauthorized practice of law in violation of this Court's order of interim suspension, and granting such further relief as this Court deems just and proper.[2] Respondent opposes the Committee's motion and requests that it be denied, and that this matter be referred for a hearing if this Court finds unresolved questions of fact raised by the parties' submissions.

We find that the Committee's motion to disbar respondent without further proceedings should be granted, based upon evidence that respondent continued to practice law in violation of this Court's March 10, 2016 interim suspension order and Judiciary Law § 478.

Pursuant to Judiciary Law § 90 (2) (a), this Court's interim suspension order of March 10, 2016 forbade respondent to appear "as an attorney or counsellor-at-law before any court, judge, justice, board, commission or other public authority." However, on March 22, 2016, only 12 days after the effective date of the interim suspension and eight days after filing his affidavit of compliance, respondent appeared on behalf of a client at a child custody proceeding in Family Court, Kings County. In that proceeding, respondent identified himself as his client's attorney and engaged in discussions regarding the custody case with counsel and the court Referee, all of whom were unaware that he had been suspended. Although respondent explained to the court that he "was withdrawing" from the representation, he did not properly move to withdraw[3] or

---

**2.** We construe the Committee's motion for disbarment as one pursuant to Judiciary Law §§ 90 (2) and 486, although the Committee does not cite to these provisions.

**3.** As the Family Court transcript demonstrates, respondent never formally moved to withdraw and failed to inform the court that he was withdrawing because of his suspension from the practice of law:

> "RESPONDENT: Your Honor, I just want to say, I was withdrawing my representation today based upon what my client was informing me. They wanted to work this out.
> "REFEREE: Okay.
> "RESPONDENT: But then I—

inform the court and counsel for the other parties of his suspension from the practice of law.[4]

Although respondent acknowledges that he failed to notify his client in writing of his suspension (but did so over the phone), he is silent as to his failure to comply with this Court's rule requiring notification in writing to his adversaries in the custody matter (22 NYCRR 603.13 [d] [1]). Moreover, the record sufficiently establishes that he engaged in the unauthorized practice of law while under suspension insofar as on March 22, 2016, he held himself out to the Family Court as his client's attorney; failed to advise the court or counsel of his suspension; engaged in discussions regarding the underlying child custody case with the court and counsel; and, his purported intent to withdraw notwithstanding, failed to properly move to withdraw as his client's counsel prior to the court's dismissal of the custody proceeding (*see e.g. Matter of Streit*, 89 AD3d 190 [1st Dept 2011]; *Matter of Blau*, 70 AD3d 28 [1st Dept 2009]; *Matter of Veski*, 42 AD3d 122 [1st Dept 2007]; *Matter of Brown*,

---

"REFEREE: So then everybody can withdraw their petitions and they can work it out.

"RESPONDENT: —but then I recommended to my client that maybe they would need to move the case, adjourn the case for a couple of weeks until they tried to work out an agreement amongst themselves because I think the issue is, something needs to be in writing so it's not being operated on a whim of either party, and we have a 5 year old child here. We don't need to confuse her any more than she's confused now. So this was— this is—was my recommendation to my client, Your Honor. . . .

"RESPONDENT: —I wanted to move it a couple of weeks—a couple of weeks or a couple of days to allow the—it to be worked out because my goal, you know my client informed me to withdraw. I was withdrawing my representation today."

**4.** Jacob Silver, Esq., the court-appointed attorney for the subject child's mother, states in an affirmation that "[o]n March 22, 2016, I appeared in the Family Court along with all parties and all counsel, and I had a minimal conversation with [respondent]," but that "[respondent] Never informed me of his Suspension from the Practice of Law."

In addition, Louise Feld, Esq., who appeared as counsel for the subject child in the Family Court proceeding on March 22, 2016, states in a sworn to and notarized letter that respondent "did not inform me that he had been suspended" and that she did not "learn of [respondent's] suspension until I received the letter of inquiry from the Disciplinary Committee."

The Honorable Amanda E. White, Supervising Judge for Family Court, Kings County, informed the Committee in or about April 2016 of respondent's March 22, 2016 appearance before the court. Thereafter, the Committee contacted Jennifer Mitek, Esq., the Family Court Referee before whom respondent had appeared on March 22, 2016, and Mitek informed the Committee that respondent had not disclosed his suspension to her at any time.

31 AD3d 46 [1st Dept 2006]; *Matter of Goldman*, 24 AD3d 29 [1st Dept 2005], *lv dismissed* 6 NY3d 771 [2006], *lv denied* 7 NY3d 718 [2006]).

Accordingly, the Committee's motion should be granted and respondent disbarred from the practice of law, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

MAZZARELLI, J.P., ACOSTA, RENWICK, MOSKOWITZ and RICHTER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.