[44 NYS3d 410]

In the Matter of Christopher W. Hyde (Admitted as Christopher West Hyde), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, January 5, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Christopher W. Hyde*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Christopher W. Hyde was admitted to the practice of law in the State of New York by the First Judicial Department on March 21, 1988, under the name Christopher West Hyde. Respondent last maintained a registered address in New Jersey where he is admitted but is currently administratively ineligible to practice.*

By order of February 5, 2008, effective March 6, 2008, this Court suspended respondent from the practice of law, until further order of this Court, for failure to file attorney registration statements and pay biennial registration fees (*see Matter of Attorneys in Violation of Judiciary Law § 468-a*, 51 AD3d 1 [1st Dept 2008]). On February 25, 2008, respondent was served with this Court's suspension order by publication in the New York Law Journal. A complete list of suspended attorneys was also posted on the New York Law Journal website. Respondent has not moved for reinstatement and remains suspended.

The Departmental Disciplinary Committee (Committee) now seeks an order, pursuant to Judiciary Law §§ 90 (2) and 486, immediately disbarring respondent, without further proceedings, for willfully engaging in the unauthorized practice of law in violation of this Court's February 5, 2008 suspension order. In the alternative, the Committee seeks an order immediately suspending respondent from the practice of law until further order of this Court.

The Committee served respondent with the instant motion to disbar or suspend by first-class mail and certified mail return receipt requested at his New Jersey residence. The Committee

---

* In 2008, respondent was admonished for practicing law while administratively ineligible to do so based on his failure to pay fees in New Jersey. In 2010, respondent was temporarily suspended for failure to pay costs assessed in connection with the 2008 admonition (*In re Hyde*, 202 NJ 429, 997 A2d 989 [2010]). In 2013, respondent was censured for again practicing law while administratively ineligible to do so based on his failure to abide by registration requirements in New Jersey (*In re Hyde*, 216 NJ 160, 77 A3d 1187 [2013]).

also sent respondent a copy of its motion by email. Respondent has not submitted a response to the Committee's motion.

The Committee's motion to disbar respondent without further proceedings should· be granted, based upon unrefuted evidence that respondent continued to practice law in violation of this Court's February 5, 2008 order and Judiciary Law § 486.

Pursuant to Judiciary Law § 486, this Court's suspension order of February 5, 2008 required respondent to "refrain and desist from the practice of law in any form" and forbade respondent to "appear as an attorney and counselor-at-law before any court, judge, [or] justice." However, since at least 2011, respondent has engaged in the unauthorized practice of law. In 2011, an attorney, who was unaware that respondent had been suspended, retained respondent to effectuate an infant compromise order in connection with the settlement of a personal injury action. Over the course of the next four years, respondent drafted and filed pleadings and made court appearances.

Between 2013 and 2014, respondent assisted in commencing a guardianship proceeding, made court appearances and submitted two affirmations in support of applications for fees and disbursements in said proceedings. Respondent was additionally appointed by the court to be a co-guardian of the incapacitated person's (IP) property and cotrustee of a special needs trust established for the IP, and made a motion to have the guardianship transferred from Kings County to Richmond County.

On October 14, 2015, the attorney who retained respondent learned for the first time that respondent had been suspended. By an October 16, 2015 cover letter and affirmation, the referring attorney alerted the court and others of the situation. He mailed respondent a copy of his October 16, 2015 letter to the court and affirmation by first-class mail and certified mail return receipt requested, but respondent did not reply. By letter dated October 29, 2015, Kings County Supreme Court Justice Donald Kurtz forwarded the referring attorney's submission to the Committee which then opened an investigation.

On December 29, 2015, the Committee wrote respondent and enclosed a copy of the referring attorney's submission and requested that he submit a written answer addressing his alleged unauthorized practice of law while suspended by January 28, 2016. Respondent did not respond. The Committee, by

certified mail return receipt requested, dated February 19, 2016 and May 17, 2016, requested that respondent submit a written answer. Respondent again did not submit an answer.

On June 27, 2016, respondent telephoned the Committee and spoke with staff counsel to request an extension of his time to answer. By email of the same day, which respondent acknowledged receipt of the next day by email, staff counsel extended respondent's time to answer until July 6, 2016. Respondent did not submit an answer by the July 6, 2016 deadline. By a July 7, 2016 email, respondent was advised that if the Committee did not hear from him by July 11, 2016, he would be deemed in default. To date, respondent has not answered the complaint, nor has he contacted the Committee.

Therefore, it is uncontroverted and the record sufficiently establishes that respondent engaged in the unauthorized practice of law in violation of this Court's February 5, 2008 suspension order and Judiciary Law § 486 (*see e.g. Matter of Sampson*, 145 AD3d 95 [1st Dept 2016]; *Matter of Rosabianca*, 131 AD3d 215 [1st Dept 2015]; *Matter of Streit*, 89 AD3d 190 [1st Dept 2011]; *Matter of Blau*, 70 AD3d 28 [1st Dept 2009]).

Accordingly, the Committee's motion, to the extent that it seeks to disbar respondent from the practice of law, is granted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

MAZZARELLI, J.P., ANDRIAS, SAXE, FEINMAN and GISCHE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.