Matter of Thomas (2018 NY Slip Op 03469)





Matter of Thomas


2018 NY Slip Op 03469


Decided on May 10, 2018


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick,Justice Presiding,
Marcy L. Kahn
Ellen Gesmer
Cynthia S. Kern
Peter H. Moulton,Justices.


&em;

[*1]In the Matter of Brian D. Thomas, (admitted as Brian Dexter Thomas), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Brian D. Thomas, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Brian D. Thomas, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 10, 2013.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkasnky, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Brian D. Thomas was admitted to the practice of law in the State of New York by the Second Judicial Department on April 10, 2013, under the name Brian Dexter [*2]Thomas. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
In August 2015, the Attorney Grievance Committee (Committee) commenced an investigation into respondent's conduct after receiving complaints from two former clients alleging neglect and that after respondent approached them in a Bronx courthouse and asked about their cases, he offered his legal services and they retained him. Respondent submitted answers to the complaints, although he did not expressly address the allegation of in-person solicitation.
By order entered October 26, 2017, this Court granted the Committee's motion for respondent's immediate suspension for failing to appear pursuant to subpoena and to comply with lawful demands by the Committee (see 155 AD3d 61 [1st Dept 2017]). The Committee served the suspension order on respondent by priority and certified mail, and according to the return receipt and tracking information, respondent received both copies of the suspension order on October 30, 2017.
In November 2017, respondent filed a motion seeking his reinstatement stating, inter alia, that he was in discussions with the complainants to resolve their grievances and that he was submitting a supplemental statement denying the allegations of in-person solicitation. Attached to respondent's motion were two checks dated November 2, 2017, totaling $250 from him to one of the two complainants with the memo line referring to "consideration for waiver of Grievance," a letter from him to the Committee advising that the client had waived her grievance against him, and that as of November 12, 2017, he and the other complainant "agreed in principle to terns for him to waive his grievance."
The Committee opposed respondent's reinstatement upon several grounds including his apparently having held himself out as an attorney in good standing while suspended when he sought to adjourn pending cases in Bronx County Civil Court. The Committee attached an "Affirmation of Prior Engagement & Request for 30 Day Adjournment of This Matter" that respondent had submitted to a Bronx court on November 8, 2017 (after his October 2017 interim suspension) wherein he requested an adjournment of "all my court cases [for] 30 days as I am engaged in a matter in Supreme Court, First Department, which I hope to have resolved shortly." Respondent did not state that he was suspended and that the matter in which he was "engaged" was his reinstatement to practice. The Committee also included a decision and order from Hon. Sabrina B. Kraus in which she found that respondent's Affirmation of Adjournment Request was "inappropriate as it seeks for him to stay on as counsel and adjourn this proceeding without acknowledging that he is ineligible to remain on as counsel..."
By order entered February 8, 2018, this Court denied respondent's motion for reinstatement (see 2018 NY Slip Op 63521[U][1st Dept 2018]).
By motion dated February 15, 2018, the Committee seeks an order, pursuant to Judiciary Law §§ 90(2) and 486, immediately disbarring respondent without further proceedings based upon his violation of this Court's order of suspension by willfully engaging in the unauthorized practice of law.
Although respondent was personally served with the instant motion on February 15, 2018, at his residence, and by a follow-up mailing, he has defaulted on this motion.
The following facts are taken from a complaint filed with the Committee in December 2017, from documents submitted by the complainant, and from an affidavit executed by the complainant. The complainant stated that on October 26, 2017 (the date of this Court's order of immediate suspension), an individual named "Samantha," who claimed to be respondent's associate, approached him at the Bronx County Civil courthouse and asked if he needed the assistance of an attorney with his landlord tenant matter; respondent was also present at the time. After speaking with "Samantha" and respondent, the complainant agreed to retain respondent for a $1,000 fee, to be paid in installments. The complainant paid the first installment of $300 that day, for which respondent provided a receipt, and complainant executed a retainer agreement for legal services.
Notwithstanding having been served with this Court's suspension order on October 30, 2017 and filing his motion for reinstatement with this Court on or about November 4, 2017, [*3]respondent, on November 10, 2017, telephoned complainant asking for the next $300 installment. That day complainant met respondent and "Samantha" at a restaurant near the Bronx courthouse and gave him the additional $300 payment. Respondent provided him with a second receipt, which they both signed, and which had written at the top "Brian D. Thomas, Esq. Senior Partner, Trial Attorney Law Office of Brian D. Thomas, Esq." When asked, respondent admitted that he had not yet commenced complainant's case.
Several days later respondent phoned complainant seeking the last installment payment. When complainant asked about the status of the case, respondent falsely claimed that he had filed a motion in Manhattan. An E-courts search by the Committee shows no cases on file in any court. Complainant did not make the final installment payment, and instead went to the Bronx courthouse where he learned from a clerk that respondent was suspended and could not represent him. The next day, complainant returned to the courthouse in hopes of finding respondent, which he did. When complainant confronted respondent and demanded the return of his $600 payment, respondent stated that he did not have the money and offered to either repay complainant in weekly installments or invited complainant to sue him in small claims court for a refund.
By letter dated January 23, 2018, the Committee sent respondent a copy of the complaint and requested an answer within 10 days. The Postal Service tracking information shows that the letters were successfully delivered to respondent (at his home and OCA registered business address) but respondent failed to submit an answer. The complainant subsequently executed the aforementioned affidavit and provided the Committee with a copy of the retainer agreement between himself and respondent.
The Committee now contends that respondent should be summarily disbarred based on the above evidence that he willfully violated this Court's order of suspension and various Judiciary Law sections (Matter of Sampson, 145 AD3d 95 [1st Dept 2016]; Matter of Rosabianca, 131 AD3d 215 [1st Dept 2015]).
This Court's October 26, 2017 order states, in pertinent part that "for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form... [and] is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), a copy of which is annexed hereto and made a part hereof."
The Committee contends that it has provided incontrovertible evidence that respondent sought to provide legal services to a new client on and after the effective date of his suspension, even though he was aware that he was suspended. The Committee has indeed established that respondent engaged in the unauthorized practice of law by continuing to seek installment payments of his legal fee and continuing to represent the complainant after he was suspended. However, because respondent did not receive notice of this Court's October 26, 2017 order of suspension until October 30, 2017, he was not yet aware of his suspension when he entered into the retainer agreement with the complainant on October 26. Regardless, respondent violated this Court's order of suspension, 22 NYCRR 1240.15 and Judiciary Law §§ 478, 484 and 486, by holding himself out as an attorney entitled to practice law when he met with the complainant on November 10, by accepting the second installment of legal fees and by providing a receipt which still identified himself as an "attorney" (see Matter of Sampson, 145 AD3d at 97-98; Matter of Rosabianca, 131 AD3d at 216-218; Matter of McDowall, 33 AD3d 246 [4th Dept 2006]). Moreover, respondent violated Judiciary Law § 479 by his and "Samantha's" improper solicitation of the complainant at the Bronx courthouse. Additionally, respondent has failed to answer the complaint and has defaulted on this motion (Matter of Hyde, 148 AD3d 9 [1st Dept 2017]).
In light of the undisputed evidence that respondent continued to hold himself out as an attorney while suspended, disbarment without further proceedings is warranted.
Accordingly, the Committee's motion should be granted, respondent disbarred from the practice of law, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
Order filed. [May 10, 2018]
Petitioner's motion granted, respondent disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately, and until further order of this Court.