Matter of Levine (2022 NY Slip Op 07155)

Matter of Levine

2022 NY Slip Op 07155

Decided on December 15, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Judith J. Gische
Barbara R. Kapnick
Peter H. Moulton
Bahaati E. Pitt-Burke, JJ.

Motion No. 2022-02873/2022-03721 Case No. 2021-01024 

[*1]In the Matter of Justin Levine, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Respondent, Justin Levine, (OCA Atty. Reg. No. 2028116), Petitioner.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Petitioner was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on December 11, 1985.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkansky, of counsel), for respondent.
Petitioner pro se.

Per Curiam 

Petitioner Justin Levine was admitted to the practice of law in the State of New York by the Second Judicial Department on December 11, 1985. At all times relevant to this proceeding, petitioner maintained a law office within the First Judicial Department.
On September 19, 2019, petitioner was convicted, upon his plea of guilty, in Criminal Court, New York County, of promoting prison contraband in the second degree, a class A misdemeanor, in violation of Penal Law § 205.20(1). That same day he was sentenced to a one-year conditional discharge and required to continue monthly sessions with his psychiatrist for one year. His conviction stemmed from his giving a criminal client, who was incarcerated and awaiting trial, a cigarette pack provided by a third party during an April 23, 2019 visit with the client at the Manhattan Detention Complex. The client was later found to be in possession of 18 cigarettes, loose marijuana, and a scalpel blade. Petitioner's plea allocution contained no statement that he was aware that the cigarette pack contained marijuana and a blade.
In March 2021, the Attorney Grievance Committee (AGC) filed a petition asserting two charges of professional misconduct alleging that petitioner violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4(b) and 8.4(h) by knowingly and unlawfully bringing contraband into a detention facility. In his answer, petitioner admitted the charges.
By November 4, 2021 order and decision, this Court, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), granted the parties' joint motion for discipline by consent and suspended petitioner from the practice of law for a period of six months, effective December 6, 2021, and until further order of the Court. Petitioner was also directed to participate in mental health and alcohol abuse programs administered by the New York City Bar Association's Lawyer Assistance Program (LAP) (200 AD3d 62 [1st Dept 2021]).
Now, pursuant to 22 NYCRR 1240.16(a) and (b), petitioner requests that this Court issue an order reinstating him to the practice of law. The AGC opposes and cross-moves, seeking that petitioner be disbarred without further proceedings for engaging in the unauthorized practice of law while suspended.
Petitioner originally submitted an affidavit which does not follow the format of Appendix D of 22 NYCRR 1240.16. Instead of completing the 16 required passages, he simply attests that, inter alia, "[d]uring [the] period of suspension [he] refrained from the practice of law in any form pursuant to the provisions of Judiciary Law secs. 478, 479, 484 and 486"; and that he "complied with all the provisions of NYCRR sec 1240.15 but for sec. (g) (filing the Affidavit of Compliance), a requirement of which [he] was unaware." Petitioner has now filed a belated affidavit of compliance, sworn to July 25, [*2]2022, which conforms to the format of Appendix B of 22 NYCRR 1240.16, in which he again attests that "[s]ince the entry of the order of discipline, [he has] complied with the order of discipline [in] all respects"; and that he has "also complied with Judiciary Law secs. 478, 479, 484 and 486."
The AGC opposes petitioner's reinstatement and requests that he be summarily disbarred for engaging in the unauthorized practice of law while suspended. On November 4, 2021, the AGC served petitioner with notice of entry of this Court's suspension order and decision. Pursuant to Judiciary Law §90(2), this Court's November 4, 2021 suspension order directed petitioner to, inter alia, "desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that [petitioner] is forbidden to appear as an attorney or counselor-[at-]law before any court, judge, justice, board, commission or other public authority; and that [petitioner] is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto" (200 AD3d at 66).
Notwithstanding his suspension, the AGC alleges that petitioner appeared as counsel for defendants in two unrelated criminal matters. First, the AGC includes a transcript evidencing that on June 17, 2022, petitioner appeared at an arraignment in Criminal Court, Bronx County on behalf of the defendant J.G. Petitioner stated before the court: "Justin Levine, 191 E 161st Street, Bronx, on behalf of the defendant." Petitioner requested that the court schedule the next appearance for August 4, 2022.
Thereafter, by August 5, 2022 email, the judge reported petitioner's conduct to the AGC —
"On August 3, 2022, while presiding in Part DVM of the Bronx Criminal Court, I was notified by my clerk that Attorney Levine called the part requesting an adjournment in the matter of The People of the State of New York v [J.G.], due to the fact that his license to practice law is currently suspended. My clerk further informed me that Mr. Levine indicated that his suspension was due to be lifted on the 27th, and requested to adjourn his client's matter to a date after the reinstatement of his license.
"On August 4, 2022, The People of the State of New York v [J.G.] was called, and the defendant appeared before me pro se, without the presence of Mr. Levine. [J.G.] acknowledged that his attorney had a suspended license, and was seeking to have his case adjourned until after his attorney's license is reinstated. Upon review of the court file, I discovered that on June 17, 2022, Mr. Levine appeared before the court for the arraignment of [J.G.], and filed a notice of appearance while his license was suspended."
Just five weeks after his first court appearance, petitioner appeared at another arraignment on July 27, 2022, this time in Criminal Court, New York County on behalf of the defendant C.H. Petitioner stated before the court "Justin Levine, . . . New York, New York, on [*3]behalf the Defendant." When the court inquired as to whether petitioner had any issue with the issuance of an order of protection, he stated "[m]y client has no intention of having any contact with the Complainant at all," and he requested that the court schedule the next appearance for September 14, 2022.
The AGC alleges that during an August 12, 2022 telephone conversation with Staff Counsel, which was witnessed by an AGC staff investigator, petitioner admitted that he had appeared as C.H.'s counsel at his July 27, 2022 arraignment (of which the AGC was unaware at the time) for which he received a fee of $500 paid by a third party; he discussed the case with the prosecutor on the defendant's behalf; he acknowledged that his actions were wrong but the defendant was a close friend and his "heart got in the way"; and that he had arranged for a substitute attorney to represent C.H. going forward. When AGC Staff Counsel questioned him about his June 17, 2022 appearance on behalf of J.G., petitioner allegedly denied having done so and claimed that J.G. had been a client "long ago."
In a September 13, 2022 email to AGC Staff Counsel and LAP, petitioner stated that he had "removed [himself] from [his] last two pending cases" which would now be handled by another attorney.
The AGC maintains that in his reinstatement motion petitioner "falsely averred that he had complied with the Court's Order of Suspension" and requests that the motion be denied. The AGC also requests that petitioner be disbarred without further proceedings, arguing that such is firmly supported by his blatant noncompliance with the terms of his suspension and precedent:
"Here, petitioner's violation of the Order of Suspension did not fall into some 'gray-area' definition of the practice of law, but rather consisted of appearances as counsel in criminal arraignments in two separate matters as though petitioner was an attorney-in-good standing. There can be no more patent violation of a suspension order by an attorney than appearing as an attorney in court. It is indisputable that petitioner knew that he was suspended at the time that he engaged in the practice of law, and he had in fact agreed to the suspension as part of the consent discipline approved by the Court. Thus, petitioner should be disbarred for knowingly engaging in the unauthorized practice of law while he was suspended."
Petitioner, who does not dispute the AGC's factual allegations, opposes the cross motion and again requests that his reinstatement motion be granted. Notably, petitioner does not address the prior false statements he made in his reinstatement affidavit and affidavit of compliance.
The AGC has presented uncontroverted evidence that petitioner, while suspended, appeared as counsel for the defendants in two separate criminal matters in clear violation of Judiciary Law §§ 478, 479, 484, and 486, 22 NYCRR 1240.15(a), and our order of suspension, for which he should be summarily disbarred (see e.g. [*4]Matter of Thomas, 162 AD3d 1 [1st Dept 2018]; Matter of Sampson, 145 AD3d 95 [1st Dept 2016]; Matter of Streit, 89 AD3d 190 [1st Dept 2011]; Matter of Veski, 42 AD3d 122 [1st Dept 2007]; Matter of Brown, 31 AD3d 46 [1st Dept 2006]).
Accordingly, the petitioner's motion should be denied, the AGC's cross motion should be granted, and petitioner is disbarred from the practice of law and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
IT IS ORDERED that the motion of petitioner Justin Levine for reinstatement is denied, and
IT IS FURTHER ORDERED that the motion of respondent the Attorney Grievance Committee for the First Judicial Department for an order pursuant to 22 NYCRR 1240.9(b) immediately disbarring petitioner Justin Levine without further proceedings, based upon his violation of this Court's order of suspension by willfully engaging in the unauthorized practice of law, is granted, and petitioner is disbarred and his name stricken from the roll of attorneys in the State of New York, effective the date hereof and until further order of this Court, and
IT IS FURTHER ORDERED that, effective immediately, pursuant to Judiciary Law § 90, petitioner Justin Levine is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that petitioner Justin Levine shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which is made part hereof; and
IT IS FURTHER ORDERED that if petitioner Justin Levine has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: December 15, 2022